## WARREN *versus* HOMESTEAD.

Sales of a bankrupt's estate, by his assignee in bankruptcy, under the late law of the United States, were valid, only when authorized by the Court of Bankruptcy.

The conveyances *of land*, in which, by the 15th section of that law, the assignee was bound to recite a copy of the decree of bankruptcy and of the appointment of the assignee, included transfers of mortgages of land.

The sale of a note does not, of itself, operate a legal transfer of the mortgage, by which it is secured.

ON EXCEPTIONS from *Nisi Prius*, HOWARD, J. presiding.

WRIT OF ENTRY.

One Lancey gave several notes to Preston, and for security, mortgaged to him the land now in question.

Preston was decreed a bankrupt. In his schedule of assets, he inserted among other things, the following item; "sundry notes, about one hundred and forty-six, in number, mostly outlawed." No mention was made of the mortgage.

His assignee in bankruptcy, having obtained leave to sell the bankrupt's estate, "*as it was set forth in the schedule,*" made sale by deed to this demandant of all Preston's right in said mortgage, and in the notes therein described. The deed recited no copy of the decree of bankruptcy, or of the appointment of the assignee.

The tenant moved for a nonsuit. The demandant moved for a continuance. The continuance was refused, the nonsuit was ordered, and the demandant excepted.

*Warren*, for the demandant.

The bankrupt's estate vested in the assignee. As owner he had right to convey it. One of the elements of property, is its alienability. The asking of leave to sell, was unnecessary. The omission by the assignee, in his application for such leave to specify the mortgage rights, was therefore immaterial. *Jewett* v. *Preston*, 27 Maine, 400.

But it is objected that the 15th section of the bankrupt law requires the assignee's deed of land to recite a copy of the decree of bankruptcy, and of the appointment of the assignee.

This provision clearly is not applicable to the mere transfer of a mortgage. In most of the States, mortgages are but chattel interests. 4 Kent's Com. 154, 186; 1 Blackf. 137; 11 Pick. 485, 488; 2 Halstead, 411. It could not therefore be the intention of Congress to treat mortgages as lands.

The notes from Lancey to Preston were transferred, by the deed to the demandant.

By the same deed, the mortgage was assigned, not as growing out of the transfer of the notes, but by its distinct and independent conveyance of the right of redemption.

*O. D. Merrick* and *D. D. Steward*, for the defendant.

HOWARD, J., orally. — The demandant, in order to recover, must prove title in himself. The authority to sell, granted to the assignee in bankruptcy, was limited to the property set forth in the schedule of assets. That schedule exhibited no rights in the Lancey mortgage. The sale to the demandant of such rights was invalid.

Again, the 15th section of the bankrupt law requires, that in every deed of land made by the assignee, there shall be inserted a copy of the decree of bankruptcy and of the appointment of the assignee. The deed under which the demandant claims, so far as relates to rights under the mortgage, was ineffectual.

There was in the schedule, an item of 146 notes. Whether the Lancey notes were among them, does not appear. The assignee, however, in his deed to the demandant undertook to

convey them.   But, even if title to them was thereby commu-
nicated, it cannot support an *action at law* for the *land*.   The
mere selling of a note does not assign the mortgage, which se-
cures it.   Without such an assignment, the purchaser takes, in
the land, no rights enforceable *at law*.   It is *at equity* only,
that land-rights, acquired by such a purchase, can be vindicated.

*Exceptions overruled.*