# JOHN A. KLEEMAN

*v.*

# DAVID FRISBIE *et al.*

1. ASSIGNMENT—*defense against assignee before maturity.* A promissory note being negotiable paper, an assignee of it before maturity, without notice and for a valuable consideration, will take it unaffected by any defense of usury not appearing on the face of the note. But this rule applies only to the assignment of negotiable securities.

2. SAME—*of deed of trust—assignee takes subject to all equitable defenses.* When negotiable paper is secured by a mortgage or deed of trust, the assignment of the first carries with it the security, but this is true only in equity. And as to such security, the assignee takes subject to all defenses and equities existing between the original parties.

3. SAME. The complainant gave his promissory note to A for $6900, and executed his deed of trust on land to secure its payment. Before its maturity, A assigned the note and deed of trust to B, the defendant, who was an innocent purchaser, without notice of any defense. After maturity, the holder was proceeding to have the trustee sell under the deed of trust, when the complainant filed his bill for an injunction, alleging that the note was given for the balance of the purchase money due on the land and a large amount of usurious interest; that all of the note, except $2700, was ·made up of such usury, and offered to pay the $2700, and prayed for the cancellation of the deed of trust as to the residue. The court below dissolved the injunction on motion, and dismissed the bill: *Held,* that the court erred in dismissing the bill; that the assignee took the security subject to the same equities it was subject to in the hands of the assignor.

4. SAME—*chose in action.* A deed of trust, like a mortgage, is a mere *chose in action,* and is assignable neither by our statute nor at the common law, so as to pass the legal title.

APPEAL from the Circuit Court of Washington county ; the Hon. SILAS L. BRYAN, Judge, presiding.

Mr. L. M. PHILLIPS, and Mr. A. WATTS, for the appellant.

· Mr. P. E. HOSMER, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The bill in this case sets up that, on the 16th day of April, 1869, the complainant executed his promissory note to Albert N. Denton for the sum of $6900, payable four years after date, with ten per cent interest payable semi-annually, and that, to secure the payment of the same, he at the same time executed his deed of trust of a certain half section of land, giving to the trustee, in case of default in payment of the note or any interest thereon, power to make sale of the land for the payment thereof; that said note was given for the balance of the purchase money of said land purchased by the complainant

from Denton in 1866 and usurious interest thereon; that all except $2700 of the note was made up of such usurious interest; that the note had been sold and assigned to defendant, Coleman; that the trustee threatened to proceed under the trust deed to sell for an arrear of interest.

The bill offers to pay the $2700, and prays for an injunction to restrain the trustee from selling to satisfy any larger amount than that sum, and that the deed of trust may be cancelled.

The court below, on motion of the defendants, dissolved the injunction which had been issued in the case, and dismissed the bill without its having been brought on for hearing, and the only question made on the record by the parties is as to the propriety of the action of the court in dissolving the injunction.

The bill was a sworn one; there is no opposing evidence, save as to the purchase of the note for value without notice of the alleged usury, and, as we must take it, the injunction was dissolved and the bill dismissed for want of equity in the bill; and so the question presented is, whether the bill makes a case for relief, as against the defendant, Coleman, a *bona fide* purchaser of the note before maturity, without such notice.

As respects the note itself, it being a negotiable security, the defendant, Coleman, took that unaffected by any defense of usury.

The deed of trust in this case was no more than a mortgage. It was not assignable by the statute, nor by the common law.

The assignment of the note carried with it the deed of trust, which is but an incident to the principal debt. But that is true only in equity. The deed of trust was a *chose in action*, not assignable at law, but only assignable in equity. As to all such *choses in action*, it is a general and well settled principle, that the assignee of a *chose in action* takes it subject to the same equity it was subject to in the hands of the assignor. *Clute* v. *Robinson*, 2 J. R. 395; *Livingston* v. *Hubbs*, 2 J. Ch. R. 511; *Covel* v. *Tradesman's Bank*, 1 Paige, 131; *Willis* v. *Twumbly*, 13 Mass. 204.

In *Olds* v. *Cummings*, 31 Ill. 188, it was expressly decided, in a case like the present, that the assignee of the mortgage took it subject to the defense which the mortgagor had against it in the hands of the assignor.

It is conceded, on the part of appellee's counsel, that, if the assignee of the note was seeking to enforce the deed of trust in a court of equity, the defense of usury could be set up, and it is supposed that the authority of the case last cited is to be confined to such a case, where the assignee is invoking the aid of a court of equity to enforce his rights.

But we are unable to perceive why it should make the difference claimed, that the appellant is occupying the position of actor, instead of defendant.

While the note and deed of trust were in the hands of Denton, the payee of the note, Kleeman, the maker of the same, would have had an undoubted equity, on payment of the $2700, or whatever might be the true balance of his debt for the unpaid purchase money with six per cent interest, to have the deed of trust cancelled and his land discharged of it. He could have thus rid his land of the charge upon it for usurious interest.

The defendant, Coleman, took the deed of trust with its infirmity. She took the same subject to every defense that existed against it in the hands of Denton.

Kleeman, the maker, could not be prejudiced by the assignment. As said by Lord THURLOW, in 1 Vesey, jun. 249, the purchaser of a *chose in action* must abide by the case of the person from whom he buys, and, as said in *Livingston* v. *Hubbs*, " he took it subject to all the existing rights of the *debtor*, and these rights could not be varied or affected by the assignment," etc.

It must be held that the defendant, Coleman, has no other or greater rights in relation to this deed of trust, and stands in no better position, than Denton, to whom it was given. The case before us is, therefore, to be considered and decided in the same manner and upon the same grounds as it would have

been had the bill been filed against Denton himself. And as against him, we have. no doubt the bill might have been maintained at any time before the assignment.

We think the court erred in dissolving the injunction and dismissing the bill.

The decree is reversed and the cause remanded. .

*Decree reversed.*