## CHRISTIAN F. GRASSLY ET AL.

v.

## JETTIE REINBACK

and

## LOUIS REINBACK, use, etc.,

v.

## CHRISTIAN F. GRASSLY.

1. MORTGAGE—ASSIGNMENT—DEFENSES.—A mortgage is not assignable at common law or by the statute, and the assignment of a note secured by a mortgage carries with it the mortgage only in equity ; and where the assignee of such a note seeks to foreclose the mortgage in equity, the court will let in any defense which would have been availing against the mortgage in the hands of the mortgagee himself, regardless of the fact that the assignee may have purchased the note in good faith, before maturity.

2. STATEMENT.—The court, from a consideration of the evidence, is of opinion that the pretended assignment was not made in good faith, and thereupon holds that any balance that may be left due from the mortgagor, after allowing his set-off, is liable to the garnishment proceedings of the judgment creditor of the mortgagee, as shown by the second suit.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding. Opinion filed October 2, 1879.

Messrs. BROWN, KIRBY & RUSSELL, for appellants, cited Rev. Stat. 1874, Chap. 98, § 2.

Messrs. MORRISON, WHITLOCK & LIPPINCOTT, for appellee, cited Hill v. Ender, 19 Ill. 163.

DAVIS, P. J.  The case first named was a chancery suit, commenced by Jettie Reinback, the appellee, to foreclose a mortgage.  The other was a garnishee proceeding, by David B. Smith, a judgment creditor of Louis Reinback, to reach money claimed to be due by Christian F. Grassly to Louis.  The two causes were, by agreement of parties, consolidated and tried together by the court below.

On the 3d day of August, 1868, Christian F. Grassly executed his promissory note to Louis Reinback for five hundred dollars, due one year after date, with ten per cent. interest from date.

On the same day, to secure the note, Christian F. Grassly and Cordelia A., his wife, executed a mortgage to Louis Reinback on a town lot in Jacksonville. In April, 1875, as claimed, the note was assigned in blank by Louis Reinback to his daughter, Jettie. On the hearing the note was offered in evidence, and it showed by indorsements made upon it, in the handwriting of Louis Reinback, the payment of the interest quarterly to August 3d, 1877, and also payments on the principal of one hundred dollars in 1874, of forty-seven dollars on March 2, 1877, and of seventy dollars and sixty-two cents on May 4, of the same year. These payments of interest and on the principal were made directly to Louis Reinback, who, at the time when made, presented the note and made the credits in his own handwriting, and did not at any time inform Grassly that he had assigned the note to his daughter, or that any one else had an interest in the note, and the daughter never, at any time, notified Grassly that the note had been assigned to her, or that she claimed any interest in it.

The payments of interest and principal were not made in money to any great amount, but Louis Reinback was obtaining from the grocery store of Grassly, from time to time, for the use of his family, groceries and articles which were charged to his account; and when settlements were made, the credits would be indorsed upon the note.

Grassly afterwards also paid to Louis Reinback, in groceries and articles furnished him from the store, the further sum of seventy-five dollars and eighteen cents, which was not credited upon the note. He also, in September, 1877, and before he had any knowledge of the change of ownership of the note, obtained in his business by sale of groceries, and assignment from one William Brown a note for one hundred dollars, given to him by Louis Reinback, dated 31 July, 1876, with ten per cent. interest, which, at the time of the hearing, amounted to $126.93. Grassly testified that he did not know that the note which he had given to Reinback had been

assigned to Jettie Reinback, or that she claimed any interest in it whatever, until the summons issued in this case was served upon him in October, 1877, and he never saw the assignment on the note by Louis Reinback, until he saw it on the trial. The note was held by the daughter, and delivered by her from time to time to her father, to enable him to have indorsed the credits upon it when settlements were made between him and Grassly.  She knew that very little money was paid, and that the credits were mostly for groceries.   When the proper credits were made, the note would be returned to her with the indorsements of the credits upon it.   Louis Reinback testified that he indorsed the note to his daughter in the spring of 1375, by writing his name over the face of it.  The note when produced, showed the indorsement on the back of it.  He further testified that she paid him for it in work and labor performed since that time and before.  She was his housekeeper, and did all the work in the house before and after that time, and still does the work.  When he gave her the note, he told her he would remunerate her for labor and work.  He received money from her, but the amount he was unable to state.  The credits on the note are in his handwriting.  He had the note in his hands when he wrote them.  He asked his daughter to let him have the note to write on it.  There was hardly any money handled.  Grocery bills, and other things he got in the store, constituted the credits.  He was owing Grassly for goods got there, and they were credited on the note.  The goods were charged to him.  Jettie Reinback, in her testimony, claimed to own the note, but did not state how she procured it, or why it was assigned to her.  She testified she did not have charge of the household expenses, or the purchasing for the family. She sewed occasionally, and was paid for it.  She did not notify Grassly that she owned the note.   Her father acted for her. He hardly ever received any money.   The interest was paid with groceries.   Her father would take the note, and have the credits made upon it.   She let him have it for that purpose.

David B. Smith, the appellant in the other case, obtained a judgment on the 20th of May, 1876, against Louis Reinback for $113.37, and the garnishee summons was

issued July 11, 1877, and served upon Grassly. The main contest between the parties to the chancery proceeding was as to what credits should be allowed to Grassly, and as to the amount, if any, which remained due on the mortgage, and to determine these questions, since the consolidation of the garnishee proceeding with the chancery cause, it becomes necessary to determine whether Smith is entitled to a judgment against Grassly for any balance which may remain in his hands due on the mortgage.

Appellee, Jettie Reinback, claims that the note was a negotiable instrument, which if assigned by indorsement, and delivered before due, the assignee would take it free from any right of defense to the consideration of, or payment of the note. If assigned after due, the holder would take it subject to the right of the maker to set up any defense in the origin of the note, and any defense which existed at or before the time of the transfer, but not any claim of the maker after the time of the assignment. If this were an action at law upon the promissory note assigned to her, and the assignment was made in good faith, her claim might be recognized. But it is not. It is a chancery proceeding to foreclose the mortgage given to secure the note, and a mortgage is not assignable either by the statute or by the common law. The assignment of the note carries the mortgage with it, but only in equity. Where the assignee of a promissory note, secured by a mortgage, seeks to foreclose the mortgage in equity, that court will let in any defense which would have been availing against the mortgage in the hands of the mortgagee himself, and this, regardless of the fact, that the assignee may have purchased the note in good faith, and for a valuable consideration, and before its maturity. Olds v. Cummings et al. 31 Ill. 188; White et al. v. Sutherland, 64 Ill. 181.

In this case all the equities are in favor of Grassly, the mortgagor. He had no notice or knowledge of the assignment of the promissory note, and after the pretended assignment he was permitted, with the knowledge and consent of the assignee, to continue to deal with the assignor as though he was still the owner of the note. After the assignment, Jettie Reinback per-

mitted her father to receive all the benefits of the note, the same as before.  She permitted him to appropriate the quarterly interest to the payment of his individual accounts with Grassly, and permitted him without objection, to credit on the note as payments the $47.00, of March 2nd, 1877, and the $70.62, of May 4th of same year.  Induced by this conduct of Jettie, and still without notice of the assignment, he continued to deal with Louis as the owner of the note, and paid him in groceries furnished the family, the sum of $75.18, and purchased in the course of his business the note which Louis Reinback had given to Brown, which at the time of the hearing amounted to $126.93.

If the proceeding in chancery had been commenced by Louis Reinback himself to foreclose the mortgage, every one of the payments made, and the note assigned by Brown to Grassly, would have availed as a defense, and the same should now avail as a defense to the mortgage in the proceeding to foreclose by the assignee of the note.

We also feel constrained, by the evidence given, to hold that the assignment of the note by Louis Reinback to his daughter was fraudulent and void as to David B. Smith, the judgment creditor of Louis Reinback.  It was evidently made with no design to remunerate the daughter for any services previously rendered by her, but to place it in her hands, so that the proceeds could be used for his benefit alone, and at the same time shield it from any process which might issue on the Smith judgment, and also to prevent Grassly from obtaining the benefit of some of his payments to Reinback.

We think Grassly should be allowed as credits on the mortgage, the payments on the principal of the note, amounting to $217.62, the amount of the Brown note and interest, $126.93, and the grocery account of $75.18; and David B. Smith, in his garnishee proceeding, should recover the amount of his judgment and interest, to the extent of the balance which may be due on the mortgage, if that balance should not exceed the amount of his claim.

The decree of the court below, not embracing some of the credits as allowed herein, must be reversed.