# CHARLESTON.

CITIZENS NATIONAL BANK OF CONNELLSVILLE *et al. v.* HARRISON-DODDRIDGE COAL & COKE COMPANY *et al.*

Submitted November 8, 1921.    Decided November 29, 1921.

1. MORTGAGES—VENDOR AND PURCHASER—*Assignee of Secured Paper Held to Have Preference Over Original Creditor, Subsequent Assignee, and Subsequent Purchaser of Security for Value.*

    An assignment of a note or bond secured by a deed of trust, mortgage or vendor's lien and described in the instrument is not recordable, and the assignee thereof, without having had it recorded, has superior right to the original creditor, a subsequent assignee and a subsequent purchaser for value, of the property on which it is secured, in the absence of conduct on the part of such assignee, amounting to an estoppel. (p. 662).

2. SAME—*Deed of Trust, Mortgage, or Vendor's Lien Held Constructive Notice of Lien as Against Subsequent Assignee and Purchasers.*

    Until released by the assignee of such a note or bond, the deed of trust, mortgage or vendor's lien is constructive notice

of the lien by which it is secured, as against subsequent as-
signees and purchasers, notwithstanding a release thereof by
the original creditor, and a court of equity will set aside such
release, on a bill by the assignee for enforcement of his
equitable right to the lien. (p. 663).

3. VENDOR AND PURCHASER—*Subsequent Purchaser of Incumbered
   Real Estate Must Ascertain Whether Liens Have Been
   Paid.*

   A subsequent purchaser of real estate encumbered by such
   an instrument mentioning and describing notes or bonds as
   being secured by it, in order to be protected from them in
   his purchase, must ascertain that they have been paid or
   surrendered, else he purchases the property at his peril. (p.
   663).

4. MORTGAGES—*Equitable Title by Implication Need Not be Re-
   corded Under Statute.*

   The statute requiring every contract for the conveyance
   of real estate or a term therein of more than five years, every
   deed conveying any such estate or term, and every deed of
   gift, or deed of trust or mortgage, to be recorded, Code, ch.
   74, §§ 4 and 5, does not contemplate recordation of an acqui-
   sition of title or right in real estate arising only in equity
   by mere implication, from an express contract of assignment
   of a chose in action, nor the assignment of a chose in action
   to which equity annexes such right. It is limited to con-
   tracts, deeds and other instruments passing such title or in-
   terest, by express contract or conveyance. (p. 667).

5. SAME—*Assignment Must be Recorded; Subsequent Purchaser
   Without Notice Takes Precedence Over Assignee's Right
   Where Release but Not Assignment, Recorded.*

   An assignment of a mortgage, as contradistinguished from
   an assignment of a note or bond mentioned, described and
   secured in it, is a conveyance of real estate or a contract for
   such conveyance, the former, if by deed, and the latter, if
   not; and, for protection against the mortgagee and a subse-
   quent purchaser of the mortgaged property for value, the as-
   signee must cause it to be admitted to record. If, in the
   event of his failure to do so, the original mortgagee has re-
   leased the mortgage and the release has been recorded, a
   subsequent purchase of the property for value and without
   actual notice of the assignment, takes precedence over the
   right of the assignee. (p. 669).

   (LIVELY, JUDGE, absent.)

## Appeal from Circuit Court, Harrison County.

Suit by the Citizens' National Bank of Connellsville and others against the Harrison-Doddridge Coal & Coke Company, the Commonwealth Trust Company of Pittsburgh, and others. Decree for plaintiffs, and last-named defendant appeals.

*Affirmed.*

*Neely & Lively,* for appellant.

*P. J. Crogan,* and *Starling, Higbee & Matthews,* for appellees.

POFFENBARGER, JUDGE:

The decree complained of on this appeal determines questions of priority between the Citizens National Bank of Connellsville, assignee of notes secured by a deed of trust and also of an interest in a mortgage, on the one hand, and the Commonwealth Trust Company of Pittsburgh, a subsequent mortgagee of the same property on which the assigned debts were secured, on the other, in favor of the bank and cancels releases of the deed of trust and prior mortgage, executed by the original creditor.

The property involved is about 30,000 acres of coal made up of numerous small tracts consolidated, one-sixth of which was owned by Joseph E. Barnes, one-half by Alfred J. Cochran and the residue by James R. Barnes. After Joseph E. Barnes and Cochran had encumbered their interests by the deed of trust and prior mortgage, all of the interests in the coal became vested in Josiah V. Thompson, who organized a corporation known as the Harrison-Doddridge Coal and Coke Company, and conveyed the entire body of coal to it. That company executed the subsequent mortgage upon the entire property to the Commonwealth Trust Company to secure an issue of bonds amounting to $4,000,000.00.

On July 6, 1907, Joseph E. Barnes executed a mortgage by which he conveyed his undivided one-sixth of the property to Jasper Augustine, to secure a debt of $150,000.00, evidenced by the provisions and covenants of the mortgage and not otherwise. No notes are mentioned or described in it. By a formal deed, dated October 26, 1907, and properly acknowledged, Augustine assigned four-fifteenths of the

mortgage to F. E. Markell, who is shown to have been the president of said bank, to secure notes executed by Joseph E. Barnes and others, on which he was liable as endorser and otherwise, amounting in the aggregate to about $40,000.00, according to a recital in the instrument. Both the mortgage and assignment were duly recorded in Harrison and Doddridge counties, in which the coal was situated, long before the mortgage to the Commonwealth Trust Company was executed.

On December 11, 1907, Cochran conveyed his undivided one-half of the property to John Bassel, trustee, to secure his twenty notes for the sum of $10,000.00 each, made and delivered to Augustine. This instrument was likewise recorded in both of said counties. On the day of its execution, Cochran assigned four of the notes to Markell, as collateral security for the same notes for security of which the Barnes mortgage was partially assigned, two $16,000.00 notes and one $18,000.00 note, held by Markell for the bank, none of which have been paid, and all of which were duly presented for payment and protested for non-payment.

Augustine, on January 14, 1910, executed releases of both the mortgage and deed of trust, which were recorded in both counties December 21, 1910. He swears he executed them by mistake, superinduced by misrepresentation and fraud on the part of Thompson, who, before the date of these transactions, acquired the property subject to the indebtedness thereon. Thereafter, July 26, 1912, Thompson conveyed it to the Harrison-Doddridge Coal and Coke Company, and, on August 1, 1912, that company executed said $4,000,000.00 mortgage.

As the notes secured by the deed of trust and the mortgage differ in point of status, the assignment of the former not having been recorded, while that of the other was, and the deed of trust being a mere security for a debt, while the mortgage vested the legal title to the property in the mortgagee, they will be separately considered.

A debt secured by a deed of trust is a mere chose in action, wherefore an assignment thereof is not required to be recorded. It is not included in the terms "goods and chattels,"

as used in sec. 5, ch. 74 of the Code. *Turk* v. *Skyles*, 45 W. Va. 82, 87; *Fleshman* v. *Hoylman*, 27 W. Va. 728; *Tingle* v. *Fisher*, 20 W. Va. 498; *Bank* v. *Gettinger*, 3 W. Va. 317; *Kirkland, Chase & Co.* v. *Brune*, 31 Gratt. 126. In this State and Virginia this doctrine has been enunciated, in most instances, in controversies between claimants of the secured debt, or between the assignee and the debtor, but it may have some bearing upon the relative rights of the assignee and a purchaser of the property upon which the debt is secured, taking it after a release by the trust creditor.

The original trust creditor, after having assigned the debt, cannot validly release the lien and thus destroy the right of his assignee therein. *Fleshman* v. *Hoylman,* cited; *Taylor* v. *Godfrey*, 62 W. Va. 677; 2 Jones on Mortgages, sec. 957. This rule is applicable to judgments and mortgages securing payment of notes and bonds. *Crumlish* v. *Railroad Co.* and *Fidelity Co.* v. *Railroad Co.*, 32 W. Va. 244; *Clarke* v. *Hogeman*, 13 W. Va. 718; *First National Bank* v. *McGraw*, 85 W. Va. 298, 311.

Upon the inquiry as to the effect of a release by the original trust creditor upon the relative rights of the assignee and a purchaser of the property upon which the debt is secured, without notice of the assignment and in reliance upon the recorded release, the propositions above stated are not decisive, nor strongly persuasive. The distinction between two claimants of the secured debt or the debtor and an assignee of the debt, on the one hand, and a purchaser of the property on which it was secured and an assignee, on the other, is very clear. The subjects of controversy or conflicting claims, though related, are entirely different. To the purchaser, the recorded deed of trust is constructive notice, as is also the release. If the release is as broad in its scope as the deed of trust and specifically covers all of its possible elements, the purchaser ought to be protected by it, and this view is sustained by authority. The vendor's lien involved in *Turk* v. *Skyles*, 45 W. Va. 82, described no note for the unpaid purchase money, although one had been executed. The vendor holding that note joined the vendee in the execution of a deed of trust on the land, and thus released or con-

veyed his lien to the trustee and creditor in the deed of trust, and then assigned the note. Upon this state of facts, the trust creditor, being in law a purchaser, was held to have a right superior to that of the assignee of the note, and this conclusion was based largely upon the fact that the reservation of the vendor's lien did not mention the note, and, for that reason, gave no notice of its existence. The only debt disclosed by the record, the obligation evidenced by the deed, was released, and the purchaser was under no duty to look beyond it. Such also was the holding in *Bank* v. *Harman,* 75 Va. 604, notwithstanding the unmentioned note had been assigned before the vendor released his contract by a sale of the land to a third party and a conveyance made by his vendee at his instance. If, in these cases, the existence of the notes had been disclosed by the record or otherwise and brought to the attention of the purchaser, the assignees would no doubt have been accorded right superior to that of the purchasers. That is the import of the argument found in the opinions, and it seems to rest upon sound reason. A purchaser is bound to take notice of everything the record discloses. When a lien secures notes or bonds, he knows they are assignable and may have been assigned. Hence, if he relies upon a release by the original creditor and looks no further, he closes his eyes to the probability that some of the notes or all of them may be unpaid and in the hands of assignees. The deed of trust is not, in such case, the primary evidence of the debt, and the release constitutes no certain proof that such evidence, the note or bond, has been surrendered. He must ascertain if the original creditor still has the notes or whether they have been paid.

In jurisdictions in which an assignment of the deed of trust or mortgage is not required to be recorded, the assignee of the note or bond, under such circumstances, is protected and the purchaser takes the property subject to his right. *Bamberger* v. *Geiser,* 33 Pac. 609; *Lee* v. *Clark,* 89 Mo. 556; *Trust Co.* v. *Shaw,* 5 Sawyer (U. S.) 340; *Reeves* v. *Hayes,* 95 Ind. 521; *James* v. *Morey,* 2 Cow. (N. Y.) 246; *Dixon* v. *Hunter,* 57 Ind. 278; *Hasselman* v. *McKernan,* 50 Ind. 441; *People's Trust Co.* v. *Tonkonogy,* 144 App. Div.

(N. Y.) 333; *Quimby* v. *Williams,* 67 N. H. 489; *Wilson* v. *Kimball,* 27 N. H. 300; *Singleton* v. *Singleton,* 60 S. C. 216. · For other cases see 5 Ann. Cas. 339, note. An overwhelming weight of authority stands in favor of this proposition, and it follows that, in so far as the decree accords priority to the bank, in respect of the four $10,000.00 notes, it is correct and irreversible. Recordation of the assignment of the notes was not required and they were described in the deed of trust.

To bring the assignment of the mortgage within the requirements of the recording acts and thus give force and effect to a recorded assignment thereof, the distinction between a mortgage and a deed of trust, in point of character, is relied upon. It is contended that, to give it effect as against a subsequent purchaser for value and without notice, the assignment must be recorded, because it is a conveyance of an estate in land, and, therefore, comes within the statute. Of course, a mortgage vests the legal title conditionally in the mortgagee, while a deed of trust puts it in a trustee. At common law, upon a default in payment of the amount due upon a mortgage, the title vests unconditionally in the mortgagee, subject only to an equity of redemption in the mortgagor, of which the law takes no notice. In case of default in payment of a debt secured by a deed of trust, no change occurs in the title. The property merely becomes liable to sale under the power of sale conferred upon the trustee. This difference, substantial and important in some' respects, does not justify a distinction between a mortgage and a deed of trust, in the construction of the recording statute. A trust creditor is a purchaser within the meaning of that statute. The estate in the property is held by the trustee for his benefit, just as firmly and completely as a mortgagee would hold it. He has the equitable estate within his power, through the trustee's possession of the legal title, for his use. That amounts to an interest in the property and an assignment of it is as much a conveyance of land as is an assignment of a morgage. An assignment by a trust creditor would not pass the legal title, as an assignment of a mort-

gage would, but conveyances of equitable title are as clearly within the recording acts as conveyances of legal title.

But for statutory modification of the common law respecting mortgages, the contention for distinction between assignments of deeds of trust and mortgages might be forceful in this connection. As to this, it is unnecessary to express an opinion, beyond the suggestion just made by way of argument. At common law, a mortgagor, after having made default, vesting the legal title in the mortgagee absolutely and unconditionally, could not reacquire it by mere payment and the taking of a simple release. To obtain it, he was required to go into equity by bill for a decree restoring it by conveyance or otherwise, or to take a voluntary reconveyance from the mortgagee. Jones, Mort., 7th Ed., sec. 889, citing numerous authorities. This is no longer necessary. By force of the statute, secs. 1 to 4 of ch. 76, inclusive, the estate is revested in the mortgagor by the signing and acknowledgment of a release. The effect of this is to make a mortgage a mere security for the mortgage debt. That the release statute applies to mortgages is clear. The lien of a mortgage is a lien "created by conveyance", mentioned in section 1. Section 4 provides that, by execution of the release, the lien "shall be discharged and extinguished and the estate, of whatever kind, bound or affected thereby, shall be deemed to be vested in the former owner or those claiming under him, as if such lien had never existed."

There may be a difference between the assignment of the note or bond secured by a deed of trust or a mortgage and assignment of the lien itself, or rather of the deed of trust or mortgage. In the former case, the note or bond is the immediate and direct subject of the contract and the assignment carries the security, only in equity, not at law. The assignee obtains no legal interest in the land. He obtains a mere equitable interest in the mortgage, enforceable only in the name of the holder thereof. *Clarke* v. *Havard*, 122 Ga. 273; *Kleeman* v. *Frisbee*, 63 Ill. 482; *Grassly* v. *Reinback*, 4 Ill. App. 341; *Warren* v. *Homstead*, 33 Me. 256; *Barnes* v. *Boardman*. 149 Mass. 106; *Olcott* v. *Crittenden*, 68 Mich. 230; *Bailey* v. *Winn*, 101 Mo. 649; *McCammant* v.

*Roberts,* 87 Tex. 94; Jones, Mort., 7th Ed., sec. 818. In equity, an assignment of the debt is an assignment of the security. *Machir* v. *Sehon,* 14 W. Va. 777, 783; *James* v. *Burbridge,* 33 W. Va. 272, 276; *Jenkins* v. *Hawkins,* 34 W. Va. 799; *Tingle* v. *Fisher,* 20 W. Va. 497; *McClintic* v. *Wise,* 25 Gratt. 453, 454. There seems to be no exception to this rule, in the absence of a statute modifying the common law. It follows that an assignment of a mortgage carries the legal title, while an assignment of the note or bond secured by it does not. Likewise the assignment of a deed of trust may carry an equitable interest in the land, by direct contract, while an assignment of the note or bond secured by it merely vests right in the assignee to invoke the jurisdiction of a court of equity to give him the benefit of the security. However that may be, he certainly does not obtain the benefit of the security by direct contract. It comes to him by mere implication, and it may well be said that the recording statute embraces only direct conveyances, those made by express contract and not those effected by implication. Here is found a very substantial ground for the view that an express assignment of the lien, the mortgage or deed of trust, is recordable, while an assignment of the note or bond it secures is not. Whether an express assignment of a lien is recordable and must be recorded for protection of the assignee against other creditors and subsequent purchasers for value and without notice, seems never to have been a subject of inquiry or determination in this State or in Virginia.

It falls within the terms of the recording statute. Section 4 of chapter 74, Code, makes every "contract in writing, * * * made for the conveyance or sale of real estate, or a term therein of more than five years", as valid as if it were a deed conveying the "estate or interest embraced in the contract." Section 5 of that chapter requires "Every such contract; every deed conveying any such estate or term, and every deed of gift or deed of trust or mortgage, conveying real estate or goods and chattels", to be recorded. Mortgages and deeds of trust convey estates and interests in real estate and goods and chattels. Assignments thereof pass them from the creditors to third parties or strangers to the or-

iginal transactions, either by deed or informal contract. For this proposition, there is an abundance of authority in which similar statutes of other states have been construed. *Torrey* v. *Deavitt,* 53 Vt. 331; *Williams* v. *Williams,* 96 Ill. App. 346; *Bank* v. *Anderson,* 14 Ia. 544; *Bowling* v. *Cook,* 39 Ia. 200; *Stove Co.* v. *Shedd,* 82 Ia. 540; *Swasey* v. *Emerson,* 168 Mass. 118; *Huitink* v. *Thompson,* 95 Minn. 392; *Bacon* v. *Van Schoonhoven,* 87 N. Y. 446; *Decker* v. *Boice,* 83 N. Y. 215; *Hennigs* v. *Paschke,* 9 N. D. 489; *Donaldson* v. *Grant,* 15 Utah 231. In my opinion some of the decisions just cited go too far. They make a merely implied assignment of the lien recordable. That cannot possibly be brought within the terms of the statute. I should say, too, that, if the mortgage is expressly assigned and it secures notes or bonds mentioned in it, a subsequent purchaser is not protected, as against a subsequent assignee of the notes or bonds. He cannot rely upon the release of the mortgage by the assignee, without requiring production of the notes. But, if the mortgage, deed of trust or vendor's lien mentions no notes or bonds and merely secures a debt evidenced by it and not otherwise, the assignee, shown to be the owner thereof by his recorded assignment, may effectually release it, although there be unmentioned notes representing the debt, and thus give a subsequent purchaser relying upon the release, and ignorant of a second assignment, preference over the second assignee. The rule applicable between a first assignee and a purchaser, in such case, should apply to a purchaser and a second assignee.

For the distinction between an assignee of the lien and an assignee of notes described in it, as regards right respecting an innocent purchaser of the property, *Turk* v. *Skyles* and *Bank* v. *Harman,* cited, may properly be invoked as authority. The following observations made by Judge Staples in the latter case were approved by Judge BRANNON in the former: "If the deed from M. G. Harman to Asher W. Harman had mentioned the existence of a negotiable note, it might have become the duty of Mrs. O'Toole, before purchasing, to call for its production; the failure of the parties to produce it might justly have led to a strong suspicion that

the note had passed out of the possession of Michael G. Harman into the hands of a third party. Mrs. O'Toole having constructive notice of the lien, would have the like notice of the negotiable note, and she would not be allowed to close her eyes to the fact thus communicated. But it will be observed that the deed makes no reference to any note, or to any personal obligation of the debtor whatever. The most prudent and cautious inquirer would not have supposed that any such instrument existed. Certainly it cannot be said that persons were bound at their peril to suspect or presume it.'' These two cases do not judicially hold that the purchasers would not have been protected, if the notes had been mentioned in the deeds, nor do we, for the facts did not warrant or call for application of the rule indicated, nor do they here. But they hold that the purchaser is protected, when the note or bond is not so mentioned, if the apparent owner of the lien has released it.

In the case of the mortgage involved here, there was an assignment of the lien itself, by a formal deed. That carried an estate or interest in the land, wherefore, as has been shown by ample authority, the deed of assignment was recordable, and, if not recorded, would have been void as against a subsequent purchaser for value and without notice, and the release by Augustine good against the bank, in the controversy between it and the trust company. But it was recorded and constituted constructive notice to the trust company, that the bank was the owner of four-fifteenths of the mortgage, in consequence of which Augustine could validly release only the remaining eleven-fifteenths thereof. This conclusion makes obvious the correctness of the decree as to the mortgage.

Perceiving no error in the decree either as to the notes or the mortgage, we will affirm.

*Affirmed.*