A. H. HUITINK v. ELMER S. THOMPSON and Others.[1]

July 7, 1905.

Nos. 14,406—(185).

### Assignment of Mortgage.

An assignment of a real estate mortgage is a conveyance, within the meaning of the statutes requiring instruments affecting title to real property to be recorded, and void as to third persons without notice, if not recorded.

### Failure to Record.

Thompson, the owner of certain land, mortgaged it to one Ernst to secure the payment of a promissory note for $675. Ernst sold and transferred the note to plaintiff by an indorsement on the back thereof, which, in legal effect, assigned both the note and mortgage. The assignment was not recorded. Thereafter, while the ownership of the mortgage stood of record in the name of Ernst, he (Ernst) caused the same to be foreclosed for an alleged default of the mortgagor in the payment of the debt secured thereby. Ernst became the purchaser at the sale, and the usual certificate was issued to him, which was properly recorded. No redemption from the foreclosure was ever made. Thereafter Ernst sold and conveyed the land to defendant Brigham, and took from him a mortgage thereon for the sum of $650 to secure payment of the purchase price. He subsequently assigned that mortgage to defendant Gores. The action of Ernst in foreclosing the mortgage so assigned to plaintiff was fraudulent, and wholly without authority from plaintiff. Neither defendant Brigham nor Gores had any notice or knowledge of the fraudulent conduct of Ernst, but acted in entire good faith and without notice of the assignment to plaintiff, and parted with a valuable consideration to Ernst. It is *held* that plaintiff's assignment, not having been recorded, was void as to defendants, and that they are protected by the recording statutes.

Action in the district court for Hennepin county to set aside the foreclosure of a mortgage executed by defendant Thompson and held by plaintiff under an unrecorded assignment; to set aside certain deeds by which the title acquired under the foreclosure was conveyed to defendant Carrie A. Brigham; to set aside a mortgage executed by Brigham, and the assignment thereof to defendant F. X. Gores; and

[1] Reported in 104 N. W. 237.

to foreclose plaintiff's mortgage. The case was tried before Brooks, J., who found in favor of defendants. From a judgment entered pursuant to the findings, plaintiff appealed. Affirmed.

*Wm. H. Hallam* and *Connell & Weidner,* for appellant.

*O. E. Holman,* for respondents.

BROWN, J.[2]

The facts in this case are as follows: On March 6, 1900, defendants Thompson were the owners of the real estate involved in this action, and mortgaged the same to one Casper Ernst to secure the payment of a promissory note for the sum of $675. The mortgage was in all things duly executed, and properly recorded in the office of the register of deeds upon March 7, 1900. On March 10, 1900, Ernst sold and transferred the promissory note secured by the mortgage to the plaintiff in this action by a written indorsement on the back of the note, which by its terms assigned to plaintiff both the note and mortgage. There was no formal written assignment of the mortgage. The note was at the time of the transaction delivered to plaintiff, who at all times thereafter retained the same, together with the mortgage securing it; but the assignment thereof was not recorded, or other notice thereof given. On October 3, 1901, the mortgage, still standing of record in the name of Ernst, was foreclosed by advertisement, such foreclosure being caused and conducted by Ernst, and in his name, as mortgagee. The notice of sale contained a statement that the mortgagor had failed to pay the interest as it matured, in consequence of which default foreclosure was made. The premises covered by the mortgage were, on November 27, 1901, struck off by the sheriff to Ernst, he being the only bidder at the sale, and the usual certificate was issued to him, which he thereafter, on December 5, 1901, caused to be recorded in the office of the register of deeds. On March 24, 1903, the time of redemption from the foreclosure having expired, Ernst and wife conveyed the mortgaged premises to defendant Brigham by warranty deed. This deed was duly recorded on April 6, 1903. Brigham paid Ernst a full and valuable consideration for the property, and had no notice, knowledge, or information of any claim on the part of plaintiff to the mort-

[2] START, C. J., absent, took no part.

gage so foreclosed by Ernst. In part payment of the purchase price, Brigham executed and delivered to Ernst a mortgage upon the premises for the sum of $650. This mortgage was recorded on April 6, 1903. Soon after the execution and delivery of this mortgage, Ernst sold and assigned the same to defendant Gores, and a formal written assignment thereof was recorded on October 31, 1903. Gores paid Ernst the face value of this mortgage.

Plaintiff subsequently brought this action to set aside the foreclosure of the mortgage so assigned to him by Ernst, the subsequent deeds, the Brigham mortgage, and the assignment thereof to defendant Gores, and for the foreclosure of the mortgage assigned to him. Upon the facts as above stated, the trial court ordered judgment for defendants, from which plaintiff appealed.

We are of opinion that the trial court correctly disposed of the case. The mostgage assigned to plaintiff was of record, and conveyed information to parties dealing in the land that Ernst was the mortgagee and its owner. The assignment of that mortgage to plaintiff was not recorded, and no notice was ever given to or received by any of the defendants until after their rights, based upon the foreclosure thereof, had accrued. Defendants had the right to rely upon the records and the state of the title as there disclosed, and are protected by the statute providing for the recording of deeds, mortgages, and other instruments affecting title to real estate. Our statutes provide (G. S. 1894, § 4180) that every conveyance by mortgage, deed, or otherwise of any real estate shall be recorded in the office of the register of deeds, and that every such conveyance not so recorded shall be void as against any subsequent purchaser in good faith and for a valuable consideration. An assignment of a mortgage is a conveyance within the meaning of the statute. Fairfax's Admr. v. Lewis, 11 Leigh (Va.) 233; Vanderkemp v. Shelton, 11 Paige, 28; Decker v. Boice, 83 N. Y. 215; Westbrook v. Gleason, 79 N. Y. 23; 3 Pomeroy, Eq. Jur. § 1209; Swasey v. Emerson, 168 Mass. 118, 46 N. E. 426; Butler v. Bank, 94 Wis. 351, 68 N. W. 998; 24 Am. & Eng. Enc. (2d Ed.) 82.

Ernst foreclosed the mortgage he had assigned to plaintiff, the period of redemption expired, and defendant Brigham had the undoubted right to rely upon the record title; and it conclusively appears that he was

a purchaser in good faith, and for a valuable consideration, without notice of any right possessed by plaintiff.

In the case of Merchant v. Woods, 27 Minn. 396, 7 N. W. 826, it appeared that a mortgage upon real property had been paid, but was allowed to remain undischarged of record, and was subsequently fore-closed by advertisement, and the property sold to a purchaser without notice of the prior payment. It was held that he acquired a valid title as against the mortgagor. The court in that case said, in substance, that the statutory provisions relating to the recording of conveyances of real property were especially designed for the benefit and protection of parties dealing in that kind of property; that the real object was to provide reliable information respecting titles, easily accessible to all, and upon which any one might safely act in making a purchase of one appearing to be the owner. Bausman v. Eads, 46 Minn. 148, 48 N. W. 769, lays down a similar rule. See also Burke v. Backus, 51 Minn. 174, 53 N. W. 458.

The cases cited by counsel for plaintiff are not in point. It is true that, to authorize the foreclosure of a real estate mortgage, the person foreclosing the same must be the legal owner of the instrument; the ownership and the right to foreclose must concur in the party foreclos-ing. But that rule can have no application to this case. Plaintiff, by his failure to record his assignment, clothed Ernst with the indicia of title to the mortgage and the apparent right to foreclose the same, and cannot now be heard to assert his rights as against innocent third parties, who acted upon facts disclosed by the record as permitted to exist by plaintiff, and in entire good faith. The rule that only the legal owner of a mortgage can foreclose it is but the application of the general principle that the legal title to property can be conveyed and transferred only by the true owner. But if the owner of the fee fails to record the evidence of his title, and the immediately preceding owner, whose title is of record, conveys the same, the recording act will protect the title so transferred, the grantee being a purchaser in good faith for a valuable consideration.

For these reasons, our conclusion is in harmony with that reached by the learned trial court, and the judgment appealed from is affirmed.