## I. E. FOSS v. G. F. DULLAM and Others.[1]

June 10, 1910.

Nos. 16,529—(132).

**Assignment of mortgage — record — notice.**

An assignment of a real estate mortgage is a "conveyance," within the

[1] Reported in 126 N. W. 820.

recording acts, and, if not recorded, is void as to a purchaser of the property, who, relying upon the record, in good faith secures a satisfaction of the mortgage from the mortgagee.

**Evidence of good faith.**

Letters from the owner of the land to the prospective purchaser with reference to the amount of the incumbrance on the land were competent evidence upon the question of good faith of the purchaser in securing a satisfaction of a recorded mortgage, which had been assigned, but not recorded.

Action in the district court for Stearns county against G. F. Dullam and all other persons unknown claiming title therein to determine adverse claims to a certain quarter section of land. Defendant Dullam alone appeared in the action and alleged that a certain mortgage for $2,500 executed by W. H. Dullam, the owner, to Luella I. Sovereign and assigned by her to defendant was a valid subsisting lien upon the premises. The reply set up the negotiations leading to and resulting in a purchase of the land described and other lands by one Ellingboe, acting for plaintiff, in entire good faith, and relying on the records of the register's office. The facts are stated in the opinion. The case was tried before Taylor, J., who made findings of fact as stated in the opinion and as conclusion of law found that the lien of defendant's mortgage was invalid as to plaintiff. From an order denying defendant Dullam's motion for a new trial, he appealed. Affirmed.

*F. N. Hendrix,* for appellant.

*Stewart & Brower,* for respondent.

LEWIS, J.

In 1904 William H. Dullam, father of appellant, was the owner of seven hundred seventy-five acres of land in Stearns county, and a mortgage of $2,500 upon one hundred sixty acres involved in this action had been executed by him and his wife to Mrs. Sovereign, bearing date February 25, 1904. During the same year they also executed a mortgage of $3,500 to Frank R. Brown upon three hundred twenty acres of the land. In 1906 Mr. Dullam sold the entire seven hundred seventy-five acres to Kathleen A. Lloyd, and conveyed the same free from all incumbrances by a warranty deed in which was

the following clause: "Subject to mortgages of $7,000, which mortgages second party assumes and agrees to pay as a part of the purchase price hereof, and subject to existing lease of above-described real estate to Adam Kiefer." As a part of the transaction which resulted in the sale of the farm to Mrs. Lloyd, and as a part of the consideration, she executed to Mr. Dullam mortgages aggregating $7,000—one mortgage on two hundred thirty acres for $4,000, running to Frank R. Brown, and three $1,000 mortgages, each upon one hundred sixty acres of land, running to Mr. Dullam. He assigned these three mortgages to the mother of his son's wife. Mrs. Sarah L. Dennis. One of these $1,000 mortgages was upon the one hundred sixty acres covered by the $2,500 mortgage given to Mrs. Sovereign in 1904. William H. Dullam died June 10, 1906, soon after the transfer of the land to Mrs. Lloyd. Appellant, who was then engaged in closing up his father's estate at Rockford, Illinois, paid the amount due on the mortgage to Mrs. Sovereign, and took an assignment of the same running to himself, of date June 16, 1906, but it was not put upon record until September 26, 1907. During the summer of 1907, Mr. Foss, the respondent, entered into negotiations with Mrs. Lloyd for the purchase of the farm, and finally bought it for $14,000. It was arranged between them that $7,000 was to be retained by Mr. Foss to cover the then existing mortgage indebtedness. Before the deal was closed Foss discovered that the $2,500 mortgage to Mrs. Sovereign was not satisfied of record, and, claiming to have understood that it had been paid, he wrote a letter to Mrs. Sovereign, inclosing a satisfaction of mortgage, and requested her to execute it, which she did, and the satisfaction was put on record, and the deal closed; he retaining the $7,000 out of the purchase price to meet the mortgages which had been executed by Mrs. Lloyd. Foss then paid off the mortgages to Brown and Mrs. Dennis, and the title was clear so far as the record showed. Appellant then placed his assignment of the Sovereign mortgage on record, and Foss brought this action to determine adverse claims.

In addition to the facts above set out, the court found that previous to the purchase of the premises, and without notice or knowl-

edge of the assignment of the mortgage held by appellant, or of any of appellant's rights or equities thereunder, and believing.that the mortgage had been released by a written instrument, and acting in good faith, Mr. Foss applied to Mrs. Sovereign for a release of the same; that he had no notice or knowledge whatever, previous to the recording of the assignment of the mortgage, of any of the rights, claims, or equities of appellant; and that he acted in good faith and in reliance upon the record and satisfaction of the mortgage as executed and delivered to Mrs. Sovereign.

1. During the trial respondent introduced in evidence several letters written by Mrs. Lloyd's husband to Mr. Foss, running from September 17, 1906, to May 28, 1907, in which Mr. Lloyd stated that the farm was subject to a mortgage of $7,000. These letters were introduced for the purpose of showing good faith on the part of Mr. Foss in assuming that the prior Sovereign mortgage of $2,500 had been paid when the land was sold to Mrs. Lloyd. Appellant objected to the introduction of the first one of these letters, Exhibit K, on the ground that it was not competent to prove that the mortgage had been paid. The other letters contained statements to the same effect, but were received without objection, and for this reason it does not appear that appellant was prejudiced by receiving in evidence the particular letter objected to. However that may be, we are of opinion that the entire correspondence was competent for the purpose of showing what information Mr. Foss had with respect to the mortgages upon the land, as bearing upon his good faith in requesting Mrs. Sovereign to execute the satisfaction of her mortgage.

2. It appears from the evidence that Mrs. Sovereign had assigned the mortgage to appellant on June 16, 1906, and at the same time had indorsed and delivered the note to him, and that at the time she executed the satisfaction of the mortgage in August, 1907, she had forgotten about the assignment, and did not know the difference between an assignment and a release. Appellant claims that the evidence shows conclusively that Mr. Foss was guilty of negligence in stating to Mrs. Sovereign that the mortgage had been paid, when in fact it had not, and that he should be held accountable for having

induced her to execute the satisfaction. If Mr. Foss proceeded in good faith, with the understanding that the Sovereign mortgage had been taken care of at the time the premises were sold to Mrs. Lloyd, then appellant can secure no advantage from the fact that Mrs. Lloyd was induced to execute the satisfaction by the representation of Foss that the mortgage had been paid. It is the rule in this state that an assignment of a real estate mortgage is a conveyance, within the meaning of the recording acts, and, if not recorded, is void, if without notice to third persons, who deal with the mortgagee. Huitink v. Thompson, 95 Minn. 392, 104 N. W. 237, 111 Am. St. 476; Olson v. Northwestern Guaranty Loan Co., 65 Minn. 475, 68 N. W. 100.

The evidence is abundant to sustain the finding of the court that Foss dealt with the property in the honest belief that the Sovereign mortgage had been paid. He applied directly to the person most likely to know about it. There is no evidence that he ever heard of the assignment to appellant. Having reason to assume that the mortgage was paid, he cannot be held accountable because the mortgagee herself acquiesced in his supposition and executed the satisfaction at his request. It is quite apparent that, whatever rights appellant may have acquired by taking an assignment of the mortgage, they were lost by reason of his own negligence in failing to put the same on record.

Affirmed.