## C. G. WATTS v. EMIL LUNDEEN AND OTHERS.[1]

December 18, 1925.

No. 24,977.

**Within the statute plaintiff was purchaser in good faith.**

1. Under section 8226, G. S. 1923, a purchaser of real estate may be a purchaser in good faith without having examined the records.

**Assignees of mortgagee estopped against asserting mortgages against plaintiff.**

2. One Unumb, being the mortgagee in two real estate mortgages, assigned one to one bank and the other to another bank. The assignments were not recorded. The mortgagor conveyed the fee to Unumb. Plaintiff, being a purchaser in good faith, went into possession under a contract for deed from Unumb. The record showed the mortgagee to be the owner of the two mortgages and also the fee. *Held* that the banks were not in a position to assert their mortgages against plaintiff.

1. See Vendor and Purchaser, 39 Cyc. p. 1742.
2. See Vendor and Purchaser, 39 Cyc. p. 1777.

_____

2. See note in 13 L. R. A. (N. S.) 49; 27 R. C. L. pp. 719-721.

Action in the district court for Douglas county to restrain defendants from foreclosing certain mortgages. The case was tried before Parsons, J., who ordered judgment in favor of plaintiff. Farmers State Bank of Hoffman and Farmers State Bank of Brandon appealed from the judgment. Affirmed.

*Gunderson & Leach,* for appellants.

*Boyesen, Otis, Brill & Faricy,* for respondent.

WILSON, C. J.

P. O. Unumb was the mortgagee in two real estate mortgages of $2,000 each, one of which he assigned to the Farmers State Bank of Hoffman and the other to the Farmers State Bank of Brandon.

[1]Reported in 206 N. W. 444.

The mortgagor conveyed the fee to Unumb, the deed reciting the incumbrances. Unumb on October 4, 1921, sold the property to plaintiff on contract for deed for $3,500 and he went into possession. At that time the mortgages were recorded, but the assignments were not. Plaintiff asked Unumb about the title and was assured it was all right. Unumb assigned his contract for deed and the notes, therein mentioned, to the Farmers State Bank of Brandon. On this contract $1,200 remains unpaid.

Plaintiff seeks to restrain the defendant banks from foreclosing said mortgages and for their cancelation, and to restrain the Brandon bank from selling the notes accompanying the contract for deed. The two banks appealed from an adverse judgment.

When plaintiff bought, the record showed that Unumb owned the fee and also the two mortgages. He did not examine the record. He is deemed to have purchased in reliance upon the record. To assert protection as a bona fide purchaser of a good record title, it is not necessary that he shall have examined the record and found the title good. He is also charged with such notice as the record disclosed. The language of the deed to Unumb was sufficient to have put him on inquiry. Such inquiry would naturally be made to Unumb. Plaintiff substantially met the duty the law imposed when he made the inquiry of Unumb as to the title and was given the assurance above mentioned. The record did not disclose anyone else of whom he could have made inquiry. A vendee who is put upon inquiry may not always fulfil his obligation by seeking information from his vendor, but we think he does when the record does not point to any other reasonable source of inquiry. Under such circumstances the plaintiff became a purchaser in good faith, even though he did not actually examine the record. He was without knowledge or information that either of the mortgages had been transferred by the mortgagee.

An assignment of a real estate mortgage is a conveyance within the meaning of section 8226, G. S. 1923; Huitink v. Thompson, 95 Minn. 392, 104 N. W. 237, 111 Am. St. 476, 5 Ann. Cas. 338; Foss v. Dullam, 111 Minn. 220, 126 N. W. 820. A vendee in a subsisting

contract for deed is also embraced within the purview of this statute. Shraiberg v. Hanson, 138 Minn. 80, 163 N. W. 1032. There was in fact no merger in this case. None was intended. The record however presented to the plaintiff a state of facts which might well lead him to assume that there was a merger. The fact that the banks withheld their assignment from record is the occasion for their present unenviable position, and by virtue of the recording act they are not in a position to assert their mortgages as against plaintiff in possession of the property under his purchase in good faith. The statute has not changed the rule that subsequent purchasers are charged with notice of the rights of the one in possession. Niles v. Cooper, 98 Minn. 39, 107 N. W. 744, 13 L. R. A. (N. S.) 49; Thompson v. Borg, 90 Minn. 209, 95 N. W. 896; Henderson v. Murray, 108 Minn. 76, 121 N. W. 214, 133 Am. St. 412; Teal v. Scan. Am. Bank, 114 Minn. 435, 131 N. W. 486; Butterwick v. Fuller & Johnson Mnfg. Co. 140 Minn. 327, 168 N. W. 18; Oxborough v. St. Martin, 142 Minn. 34, 170 N. W. 707. Plaintiff's rights had attached and he was in possession when the assignments were recorded.

The judgment protects the bank of Brandon to the extent of the $1,200 remaining unpaid and interest and calls for a cancelation of the contract notes and frees the property as to the two mortgages.

Affirmed.