# FEDERAL LAND BANK OF ST. PAUL v. A. G. SMAAGAARD AND OTHERS.[1]

June 1, 1934.

No. 29,957.

*Saltness & Lentz,* for appellants.
*Fosnes & Rolloff,* for respondent.

*DEVANEY, Chief Justice.*

Conversion for the alleged wrongful taking and detention of certain personal property. The facts are stipulated. The H. A. Stratte Company was, at the time of the commencement of this action, the owner of a tract of farm land upon which plaintiff held a real estate mortgage. One Nelson tenanted the tract from the H. A. Stratte Company under a written lease which entitled the lessor to one-half the crops grown thereon during the period of the lease and to a certain amount of cash as rental. The lease further reserved to the lessor title to all the crops to be grown thereon as security for the performance of the terms of the lease. This lease was executed subsequent to the execution of the real estate mortgage and was duly filed as a chattel mortgage. June 4, 1932, the H. A. Stratte Company was in default on its real estate mortgage and on that day assigned this lease to plaintiff. The tenant was notified thereof. This assignment was not filed. Later and on July

[1] Reported in 256 N. W. 102.

15, 1932, the sheriff, defendant herein, attached the crops growing on the property in an action brought against the H. A. Stratte Company by a third party, a creditor of the H. A. Stratte Company. Judgment was entered for this creditor, a levy of execution had, and the grain sold. Plaintiff thereupon served on defendant sheriff a claim of ownership to the grain and commenced this action. The lower court entered judgment for plaintiff on the theory that the assignment of the lease to plaintiff, being prior in time, prevailed over the creditor's claim even though the assignment was not filed. Defendants appeal from that judgment.

It is stipulated that the creditor did not have actual notice of the prior assignment and that the sheriff, before attaching the crops, searched the files and found the lease but could not find the unfiled assignment thereof. It is further stipulated that the assignment was made in good faith, for a valuable consideration, and without intent to hinder, delay, or defraud creditors. Defendants contend that the assignment was, in and of itself, an equitable chattel mortgage, intended only as security and as such should have been recorded under 2 Mason Minn. St. 1927, § 8345, which requires in substance that all chattel mortgages shall be filed to be valid as against creditors of the mortgagor and *bona fide* third parties who subsequently deal with the mortgagor where possession of the mortgaged property is not delivered to the mortgagee. Plaintiff contends, and the trial court found in accordance therewith, that the assignment was absolute and so did not require recording to be valid against this creditor and any other third parties who might have dealt subsequently with the H. A. Stratte Company. This presents the only issue in the case. We set out the assignment in full herewith:

### "ASSIGNMENT OF LEASE.

"In consideration of the agreement of The Federal Land Bank of St. Paul to defer foreclosure of its first mortgage loan No. 13315-S on lands hereinafter described until October 1, 1932, the undersigned does hereby sell, assign, transfer and set over unto the said The Federal Land Bank of St. Paul all its right, title and interest in

and to the attached farm lease dated 17th day of Sept., 1927, wherein and whereby H. A. Stratte Co., by Alfred K. Stratte, owner and lessor, leases the said hereinafter described premises for the period of 5 years from September 17, 1927, to March 1, 1933, to Nels F. Nelson of Dawson, Minnesota, the said premises being situated in Lac qui Parle County, more particularly described as [specific description].

"It is also understood that the balance of the 1931 rent amounting to $140.00 is also being assigned to The Federal Land Bank of St. Paul.

"And the said lessee is hereby authorized, directed and ordered to pay all cash rent due and to become due and to deliver all of the shares of crops reserved as rental for said lands pursuant to the terms of said lease to the said assignee, The Federal Land Bank of St. Paul.

"The said assignee, The Federal Land Bank of St. Paul, is hereby authorized to collect and receive such cash rents and such landlord's share of the crop reserved as rental for said premises and to sell any part or all of the crop so received in the usual market therefor, for the prevailing market price at such time or times as shall be deemed appropriate by the said assignee. The said assignee shall thereupon apply the proceeds derived from said cash rental and from the sale of such crop in payment of any and all past due installments on said mortgage, and for insurance advancements or tax advancements on the premises above described, holding the surplus of such funds, if any, after payment of such items, subject to the order of the undersigned assignor and lessor.

"H. A. Stratte Co.,
"By H. A. Stratte, Secy."

We agree with the trial court that this is an absolute assignment and not one for security merely. Whether a given instrument is a mortgage or an absolute assignment depends upon the intention of the parties thereto as gathered from the language of the instrument in question and from the circumstances surrounding its execution. Here there was no evidence to show what the parties intended at

the time of the execution of the instrument, the facts herein being stipulated. So the court in this case can look only to the instrument to determine what the parties intended. No particular words are necessary to create a mortgage. Merrill v. Ressler, 37 Minn. 82, 85, 33 N. W. 117, 5 A. S. R. 822. See Ash Creek State Bank v. Zwart, 158 Minn. 100, 102, 196 N. W. 935. But an instrument, absolute on its face, clearly must be shown to have been executed merely as security before the court will declare the same to be a mortgage. 4 Dunnell, Minn. Dig. (2 ed. & Supp.) § 6157. In this case such does not appear. Rather it appears that a mortgage was not intended. A common provision of a mortgage is a defeasance clause, providing that when the amount of the debt with interest is paid the instrument shall be void and of no effect. The assignment in the case at bar contains no such provision. The assignor by this instrument retained no interest whatsoever in the property assigned. There is nothing in the assignment to indicate that it was the intention of the parties that the debt be paid by or through any other means than by the assignee's sale of the crops covered by the assignment. There is further no provision in the assignment for the sale of the property in case of default. The instrument is not titled a mortgage but rather an assignment. All these factors lead us to the conclusion, in the absence of other showing, that the parties intended this assignment to be absolute and not merely for security. The fact that the assignee was to pay to the assignor any proceeds derived from the sale of the crops over and above the amount necessary to satisfy the debt makes it no less absolute. In Camp v. Thompson, 25 Minn. 175, a bill of sale with a similar provision was held not a mortgage, the court stating (at page 181):

"Neither do these transactions [bill of sale and agreement] constitute a mortgage, for they show clearly that the entire property in the lumber conveyed by the bill of sale was intended to pass and did pass to the plaintiffs, and that no property therein was reserved to Clark, or intended to be. His interest was not in the lumber, but in any surplus of its proceeds remaining after the plaintiffs were paid."

It may be noted that the lease which H. A. Stratte Company assigned was in and of itself a chattel mortgage and duly filed as such. What the assignor really did, then, was to assign a chattel mortgage. We have found no statute in this state requiring that an assignment of a chattel mortgage be filed. There would seem to be a crying need for legislation to this effect in cases where possession of the mortgaged property is not delivered to the assignee. If there were such a statute grave injustice often could be avoided. There is the same need for a statute requiring the filing of assignments of conditional sale contracts. See 16 Minn. L. Rev. 689, at pp. 696-699. Assignments of real estate mortgages must be recorded to constitute notice, Foss v. Dullam, 111 Minn. 220, 126 N. W. 820; Huitink v. Thompson, 95 Minn. 392, 104 N. W. 237, 111 A. S. R. 476, 5 Ann. Cas. 338, and there appears no valid reason why assignments of chattel mortgages and conditional sale contracts should not require filing to constitute notice.

Affirmed.

*STONE, Justice* (concurring).

I concur in the result.