## ROBERT E. WERNER v. SAM D. SAMPLE.

107 N. W. (2d) 43.

January 6, 1961—No. 38,014.

*Alfred R. Sundberg,* for appellant.
*Gustav C. Axelrod,* for respondent.

MAGNEY, COMMISSIONER.

In an action for trespass, defendant claimed an easement for right-of-way, and the court so found. Plaintiff appeals from an order denying his motion for amended findings or a new trial.

Lot 6, Block 82, St. Anthony Park, St. Paul, is an irregular triangle. Two houses are located along the south line, facing south, on parcels of the lot which have frontages on Ellis Avenue. A third house, facing north, is located in the north parcel of the lot, which has a frontage of 18½ feet on Long Avenue. At the time of the trial, plaintiff, Robert E. Werner, had lived in the house at the southwest corner for 34 years. In 1951, he received a warranty deed to his house and lot. Prior to that time, he had occupied the premises as a tenant. Defendant, Sam D. Sample, has lived in the house located in the north portion of the lot since 1933. He was a tenant until 1948, when he entered into a contract for deed for its purchase. He received a warranty deed to his parcel in 1958. Herbert E. Timm has been in possession of the house and grounds in the southeast corner of the lot since 1948 and is purchasing this parcel under a contract for deed.

The southerly part of defendant's parcel is inaccessible from Long Avenue. At least during all the years since 1933, a dirt and gravel driveway existed between the Werner and Timm houses. It was about 55 feet long and occupied a strip on both sides of the dividing line between the two parcels. Defendant used this driveway during all the years. The driveway extended over the sidewalk on the north side of Ellis Avenue to the street. On May 9, 1958, Werner and Timm sodded the area of the driveway between their two houses. Werner then ordered Sample to keep off. Sample ignored the order and continued to use the driveway as before, and this action of trespass was instituted.

No question of the creation of an easement by prescription arises. During a great part of the otherwise prescriptive period, the relationship of landlord and tenant existed between the owner and Werner and Sample.

In Sample's contract for deed, dated August 30, 1948, an easement was set out covering this driveway, described as follows: "said

easement shall be 10 feet wide, and created by allowing five feet" on each side of the dividing line between the Werner and Timm parcels. This contract for deed was not recorded. In the warranty deed to the Samples, dated July 3, 1958, an easement over the driveway was again described.

The warranty deed from the common owner to Werner, dated June 27, 1951, conveys the premises described therein "subject to easement for driveway and sewer." Such language, of course, does not create an easement; it presupposes an existing easement. No easement by prescription existed when this deed was given, and Sample's contract for deed, in which an easement is described, had not been recorded. The rule is that a grantee of land takes title subject to duly recorded easements which have been granted by the predecessors in title. 17A Am. Jur., Easements, § 158. We find this language in the Timm contract for deed: "subject to an easement for driveway and sewer now of record upon said premises." As already stated, there was no easement of record at that time.

It is apparent that the common owners were attempting to establish a driveway easement for the benefit of all three properties. Sample had no access to his backyard except over this driveway, and neither Werner nor Timm could reach their backyards except over this driveway. In the years preceding 1958 the owners and tenants of the three properties used this driveway for delivery and other purposes. The court found that Werner's property was subject to an easement "for the entry to and departure from the [Sample's] premises for delivery purposes and for sewer purposes." Plaintiff contends that no easement for driveway has been created and, therefore, that none exists.

We have a situation here where no easement for driveway by prescription has been acquired and no instrument creating an easement had been recorded prior to the deed to plaintiff in 1951.

We have described the situation in detail. At the time of the trial plaintiff had lived in what is now his own house for 34 years. During all the years he knew of the inaccessibility of defendant's backyard and of his and Timm's and of the actual use made of this driveway

while there was unity of title. He had seen it used by defendant since 1933. It would seem that under all the facts and circumstances here an application of the rule of implied grant of easement is entirely proper and brings a just result.

"It is a well-settled rule that where, during the unity of title, an apparently permanent and obvious servitude is imposed on one part of an estate in favor of another part, which servitude, at the time of the severance, is in use and is reasonably necessary for the fair enjoyment of the other part of the estate, then upon a severance of the ownership, a grant of the right to continue such use arises by implication of law." 17A Am. Jur., Easements, § 41.

This rule was followed in this state. In Huhn v. Ryan, 208 Minn. 128, 131, 293 N. W. 138, 139, the court approved the following language of 17A Am. Jur., Easements, § 152:

"* * * a person who purchases land with knowledge or with actual, constructive, or implied notice that it is burdened with an easement in favor of other property ordinarily takes the estate subject to the easement."

In Romanchuk v. Plotkin, 215 Minn. 156, 160, 9 N. W. (2d) 421, 424, this court said:

"The doctrine of implied grant of easement is based upon the principle that where, during unity of title, the owner imposes an apparently permanent and obvious servitude on one tenement in favor of another, which at the time of severance of title is in use and is reasonably necessary for the fair enjoyment of the tenement to which such use is beneficial, then, upon a severance of ownership, a grant of the dominant tenement includes by implication the right to continue such use."

The rule was thoroughly discussed and authorities cited in Olson v. Mullen, 244 Minn. 31, 68 N. W. (2d) 640, and we see no reason to cover the same ground again.

In our opinion, an implied grant of easement existed over the driveway in question.

Order affirmed.