Lawrence F. KLEIS, et al., Appellants,

v.

Gordon G. JOHNSON, Respondent.

No. C2–83–2024.

Court of Appeals of Minnesota.

Sept. 18, 1984.

John S. McDonald, Lawson, Raleigh & Marshall, P.A., Lake Elmo, for appellants.

Paul A. Wolff, Eckberg, Lammers, Briggs, Wolff & Vierling, Stillwater, for respondent.

Heard, considered and decided by SEDGWICK, P.J., and NIERENGARTEN and RANDALL, JJ.

## OPINION

RANDALL, Judge.

Appellants brought this action to reform the deed from their grantees to the respondent to reflect appellants' reservation of an easement across respondent's land, or, alternatively, to have easement declared. The trial court entered judgment denying reformation and denying an easement, and they appealed. We reverse.

## FACTS

For more than fifty years, appellants and their ancestors had used a one-half mile long driveway across the westerly edge of their property for access to their farm. The driveway was the only means of access to the property. In 1975, appellants subdivided a five acre parcel of their real estate and deeded it to their son. The deed failed to reserve an easement over the driveway, which was partially located on the property deeded away. This factor was inadvertent. In 1977, the son sold the real estate to respondent, still without retaining an easement over the driveway. Appellants continued to use the driveway with respondent's full knowledge without opposition. In 1983, however, respondent told them he intended to block off the driveway and prohibit their use of it.

In 1979, a new street was built on the opposite side of appellants' property, about one-tenth mile from their home. There is

presently no driveway giving appellants access to the new street. Appellants testified that putting in a driveway to give access to that street would be unsightly and inconvenient. They also testified that the new street is often impassable in the winter until late in the day because of drifting snow and slow city plowing.

Respondent knew of the existence of Kleis' driveway before he purchased the property from their son, and testified he assumed it was used as access for one or more farms. He did not investigate further. During the time respondent owned the property over which the driveway ran, appellants mowed, graded, and plowed the driveway, and even filled low spots with a load of gravel. Respondent refused to contribute any money toward the upkeep of the road when asked by appellants, even though he, too, used it as access to the highway.

## ISSUE

Did the trial court err in determining that appellants were not entitled to reformation of the deed from their son and his wife to respondent to reflect an easement over respondent's land?

## ANALYSIS

*Easement by necessity:* Although the trial court issued no memorandum to explain its decision, we can surmise that its finding of no easement by necessity is based upon the access now provided by the new street. The old driveway over respondent's land is thus no longer the only feasible access to appellants' farm. Whether an easement may be created by implication, however, must be determined as of the time of severance. A subsequent change of conditions after the severance cannot create or defeat an easement by implication. *Olson v. Mullen,* 244 Minn. 31, 41, 68 N.W.2d 640, 647 (1955). As long as the road over respondent's property was the only method of access at the time the parcel was subdivided from appellants' land, the subsequent construction of a new road does not change appellants' entitlement to an easement, so long as the other conditions for implying an easement are met.

The other conditions are that there must be separation of title, and the use giving rise to the easement must have been so long continued and so apparent as to show it was intended to be permanent. *Romanchuk v. Plotkin,* 215 Minn. 156, 9 N.W.2d 421 (1943). A person who purchases land with actual knowledge or with constructive or implied knowledge that it is burdened with an easement in favor of other property ordinarily takes the land subject to the easement. *Werner v. Sample,* 259 Minn. 273, 276, 107 N.W.2d 43, 45 (1961) (citing *Huhn v. Ryan,* 208 Minn. 128, 131, 293 N.W. 138, 139 (1940)).

Here, it is clear there was separation of title. It is also clear the driveway over respondent's land was visible and had been used so long and continuously by appellants as to show it was intended to be permanent. Further, respondent knew of the driveway when he purchased the land, (indeed, he testified that a person "would have to be blind" not to notice it) and assumed it was used as access to at least one farm. Throughout respondent's ownership of the land, until 1983, respondent and appellants both acted as though an easement existed over the road. "A practical interpretation by interested parties that an easement exists supports an inference that the easement is one of legal right." *Romanchuk,* 215 Minn. at 164, 9 N.W.2d at 426. Appellants are entitled to an easement over respondent's land if the deed can be reformed to reflect it.

*Reformation of deed:* The evidence supporting reformation of a written instrument, including a deed, must be consistent, clear, unequivocal, and convincing. *Theros v. Phillips,* 256 N.W.2d 852, 857 (Minn. 1977). In cases involving reformation of written instruments, the supreme court has expressly followed the rule that the trial court's findings of fact may not be set aside unless clearly erroneous. *Theisen's, Inc. v. Red Owl Stores, Inc.,* 309 Minn. 60, 243 N.W.2d 145 (1976). We do not set

aside the trial court's findings of fact: the factual findings are supported by the evidence. The legal conclusion that the appellants were not entitled to have the deed reformed, however, is not supported by the findings of fact. The trial court found that appellants had not expressly reserved an easement when they deeded the land to their son and his wife, that no easement had been expressly reserved in the deed from appellants' son and his wife to respondent, that respondent saw the driveway across the property before he purchased it but made no inquiries about it, and that respondent and appellants did not meet each other or have any conversations until after respondent purchased the property, among other findings. None of these findings mandates that reformation not be granted.

In order to show they are entitled to have the deed from their son and his wife to respondent reformed to reflect the easement, appellants must show there was: 1) a valid agreement sufficiently expressing the real intention of the parties to the deed, 2) a written contract which fails to express that intention, and, 3) mutual mistake *or* unilateral mistake coupled with fraud or inequitable conduct. *Theros*, 256 N.W.2d at 858. Respondent argues there could have been no "valid agreement" between respondent and appellants expressing the intention that appellants have an easement since there could have been no "meeting of the minds": respondent and appellant did not meet until after the sale of the land was completed. The argument is logical but misses the point. It is not necessary that the agreement have existed between respondent and appellants; it is necessary that the agreement have existed *between the parties to the deed*. Such agreement did exist. Appellants' son testified that he believed he was selling a piece of land with an easement across it, and respondent testified that he believed he was buying a piece of land with a roadway across it, which roadway was used for access to one or more farms. The "agreement" necessary to support reformation of the deed need not have been between the parties to this

lawsuit; it is enough that it was between parties to the deed. *Flowers v. Germann*, 211 Minn. 412, 1 N.W.2d 424 (1941). Further, as indicated by the supreme court in *Flowers*, appellants' son and his wife, as respondent's grantors, are not necessary parties to this action. This lawsuit can be decided without them, as they now have neither a legal nor an equitable interest in the disputed parcel of land. *Id.* at 420–21, 1 N.W.2d at 429.

There was an agreement between respondent and appellants' son that the parcel of land respondent was purchasing included a traveled driveway, and it is clear that the deed which was executed did not express that intention. The only other remaining element is that the mistake must have been mutual or, alternatively, it must have been a mistake on one side with fraud or inequitable conduct on respondent's side. Appellants argue that respondent's conduct was inequitable, but we find that inaction or silence in this case does not amount to fraud or inequitable conduct. The mistake was, however, mutual. In order to have mutual mistake, it is necessary that both parties agree as to the content of the document, but that somehow, through the drafter's error or otherwise, the document does not reflect that agreement. *Nichols v. Shelard National Bank*, 294 N.W.2d 730, 734 (Minn.1980). The error which resulted in the failure of the deed to reserve an easement in favor of appellants was the fault of whoever drew up the initial deed from appellants to their son and his wife. Both parties to that deed testified they intended the easement to be reserved, and the description on the deed to respondent was taken verbatim from that initial deed. Appellants have made the required showing that respondent agreed to buy a piece of land subject to an easement in the form of an access road, that the deed did not reflect that agreement, and that the omission was the result of mutual mistake. They are entitled to reformation of the deed.

Finally, since this is an equitable action, we must consider the fairness of our deci-

sion. Were we to affirm the trial court, thus denying appellants the right to use the roadway, we would be taking away the access to their farm they have used for over fifty years. We would be forcing them to build a new driveway at considerable expense which they have testified they do not want. Our decision leaves respondent with exactly what he thought he was getting when he purchased the property: a piece of land with an access road over it which leads to a farm and house.

## DECISION

Appellants are entitled to have the deed to respondent reformed to reflect an easement in their favor over respondent's property.

Reversed and remanded for issuance of an order directing the reformation of the deed.