Steven W. NUNNELEE, et al.,
Appellants,

v.

Peter F. SCHUNA, et al., Defendants,

Roberta Freeman, Beisang and Ersek
Partnership, et al., Respondents.

No. C7–88–790.

Court of Appeals of Minnesota.

Nov. 8, 1988.

Review Denied Dec. 30, 1988.

Wayne B. Holstad, Woodbury, Minn., for Steven W. Nunnelee, et al.

Steven E. Antolak, St. Paul, Minn., for Peter F. Schuna, et al.

Robert W. Herr, White Bear Lake, Minn., for Roberta Freeman.

Heard, considered and decided by LANSING, P.J., and KALITOWSKI and IRVINE,* JJ.

## OPINION

KALITOWSKI, Judge.

Appeal arises from the trial court's denial of appellants' motion for amended and additional findings of fact, conclusions of law and order of judgment on the issue of appellants' claim for an easement over respondents' land or reformation of a deed.

## FACTS

Appellants, Steven W. and Sherrylee Nunnelee, have attempted, through litigation, to establish an easement benefiting their property either by reformation of a deed or establishment of the easement by necessity.

Appellants own the land as vendees under a contract for deed from Roberta Freeman, formerly Roberta Olander.

The easement appellants seek to establish would cross land owned by respondents Peter F. and Deborah L. Schuna. Respondent Beisang and Ersek Partnership (Partnership) is a predecessor in title to both parcels.

The property owned by appellants and the property owned by respondents are adjacent parcels of land. The parcels are part of a subdivision of the southwest one quarter of the southeast one quarter of Section 36, Township 31 North, Range 21 West. The record title of the described land indicates the entire quarter quarter section was once owned by Robert and Ernestine Juran. The Jurans conveyed a one-half interest in the entire parcel to Richard H. Johnson and the other half interest to John & Kay, Inc. Subsequently, Johnson and John & Kay, Inc. conveyed, by contract for deed, portions of the parcel to Warren D. McLaughlin and portions to the Partnership.

In 1972, the land originally owned by Jurans was divided into eight five-acre parcels referred to as parcels "A" through "H." The parcel owned by appellants is parcel "E." Respondents Schuna own parcel "A." The original plat indicates an easement crossing parcel "F," favoring parcel "E."

On January 6, 1973, Warren McLaughlin entered into a contract for deed with Dennis and Roberta Olander for the sale of "E." McLaughlin contracted to convey parcel "E" with an easement across parcel "A." This contract for deed was dated January 6, 1973, but not recorded until February 11, 1975.

In the summer of 1973, it was discovered McLaughlin had misappropriated funds from the Partnership. As part of the settlement of all accounts, McLaughlin assigned his vendee's interest in approximately 70 acres including parcel "E" to the Partnership. Prior to accepting assignment of McLaughlin's interest, the Partnership examined title to the property. Nothing in the record suggested the existence of Olander's interest.

By warranty deed dated March 18, 1975, John & Kay, Inc. acquired the undivided one-half interest in the quarter quarter section owned by Richard and Diane Johnson. With this warranty deed, John & Kay, Inc. became sole fee holder of the entire quarter quarter section. The only interest in the quarter quarter section outstanding at that time was the contract vendee's interest previously held by McLaughlin, contracted to Olander and assigned to the Partnership on July 5, 1973. By warranty deed dated March 26, 1976, and filed October 14, 1976, the Partnership became the legal owner of appellants' parcel "E" and

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

146

respondents Schunas' parcel "A," together with other real estate.

By warranty deed dated December 21, 1976, and filed of record October 17, 1977, the Partnership conveyed parcel "A" to Daryl E. Bittner. After two changes in title ownership, defendants Peter and Deborah Schuna became the owners of parcel "A" by warranty deed dated October 31, 1977, and filed of record November 10, 1977.

Approximately six months later, Olander entered into a contract for deed with appellants Steven and Sherrylee Nunnelee dated April 7, 1978, and filed of record April 11, 1978. This contract for deed was an agreement to convey the vendee's interest in the contract for deed between Olander and McLaughlin. The agreement also purported to convey an easement in favor of parcel "E" across parcel "A."

By warranty deed dated January 1, 1981, and filed April 10, 1981, the Partnership conveyed title to parcel "E" to Roberta Olander. The deed does not recite any easement across parcel "A." Therefore appellants commenced an action to establish an easement.

The trial court denied appellants' motion for amended and additional findings of fact, conclusions of law and order for judgment on the issue of appellants' claim for an easement over respondents' land by reformation of the warranty deed or by necessity. Appeal followed.

ISSUES

1. Does the Partnership have the protection of Minnesota Statute § 507.34 (1986) which voids appellants' interest due to Olander's failure to timely record pursuant to the recording act?

2. Is the warranty deed from the Partnership to Olander entitled to reformation due to mutual mistake or unilateral mistake with intent to defraud the grantee?

3. Is appellant entitled to an easement by necessity?

ANALYSIS

This matter was tried to the court. The scope of review of cases tried without a jury is limited to determining whether the trial court's findings are clearly erroneous and whether it erred in its conclusions of law. *Lake Mille Lacs Investment, Inc. v. Payne,* 401 N.W.2d 387, 389 (Minn.Ct.App. 1987) *pet. for rev. denied* (Minn. April 29, 1987) (citing *Leininger v. Anderson,* 255 N.W.2d 22, 26–27 (Minn.1977)).

When the trial court sits without a jury, the judge's findings have the same effect as a jury's determination of the facts. Clear error exists if the reviewing court is left with a definite and firm conviction that a mistake has been made. *Esselman v. Production Credit Association of St. Cloud,* 380 N.W.2d 183, 186 (Minn.Ct.App. 1986) *pet. for rev. denied* (Minn. March 21, 1986) (citing *Desnick v. Mast,* 311 Minn. 356, 366, 249 N.W.2d 878, 884 (1976)).

The trial court's findings will not be disturbed on appeal unless they are clearly erroneous in the sense they are manifestly contrary to the weight of the evidence or not reasonably supported by the evidence as a whole. *Olson, Clough & Straumann, CPA's v. Trayne Properties, Inc.,* 392 N.W.2d 2, 4 (Minn.Ct.App.1986) (citing *In re the Estate of Serbus v. Serbus,* 324 N.W.2d 381, 385 (Minn.1982)). Where the trial court's factual findings are reasonably supported by the evidence, they are not clearly erroneous and must be affirmed. *Ferguson v. Shea,* 374 N.W.2d 575, 576 (Minn.Ct.App.1985) (citing *Hilton v. Nelsen,* 283 N.W.2d 877, 881 (Minn.1979)). *See also* Minnesota Rules of Civil Procedure, Rule 52.01 (1988).

1. Failure to timely record.

■ The trial court found the failure of Olanders to timely record their interest in the property was fatal to appellants' claim for an easement across parcel "A." Minn. Stat. § 507.34 provides:

Every conveyance of real estate shall be recorded in the office of the county recorder of the county where such real estate is situated; and *every such conveyance not so recorded shall be void as*

against any subsequent purchaser in good faith and for a valuable consideration of the same real estate, or any part thereof, *whose conveyance is first duly recorded,* and as against any attachment levied thereon or any judgment lawfully obtained at the suit of any party against the person in whose name the title to such land appears of record prior to the recording of such conveyance. The fact that such first recorded conveyance is in the form, or contains the terms of a deed of quitclaim and release shall not affect the question of good faith of such subsequent purchaser or be of itself notice to the subsequent purchaser of any unrecorded conveyance of the same real estate or any part thereof.

(emphasis added).

The trial court determined the Partnership to be a bona fide purchaser for value and its prior recording rendered the McLaughlin–Olander contract for deed void as against the Partnership.

The Minnesota Supreme Court has defined "subsequent purchaser in good faith and for a valuable consideration," as "one who gives consideration in good faith without actual, implied, or constructive notice of inconsistent outstanding rights of others." *Anderson v. Graham Investment Co.,* 263 N.W.2d 382, 384 (Minn.1978) (citing *Bergstrom v. Johnson,* 111 Minn. 247, 250, 126 N.W. 899, 900 (1910)). A purchaser who has either actual, implied, or constructive notice of such outstanding rights is not a bona fide purchaser entitled to the protection of the Recording Act. *Id.* (citing *Ritchie v. Jennings,* 181 Minn. 458, 461, 233 N.W. 20, 21 (1930) (actual notice); *Henschke v. Christian,* 228 Minn. 142, 36 N.W.2d 547 (1949) (implied or inquiry notice); *Latourell v. Hobart,* 135 Minn. 109, 113, 160 N.W. 259, 260 (1916) (constructive or record notice)).

The word "conveyance" as used in the Recording Act, Minn.Stat. § 507.34, has been held to include contracts for deed. *See Watts v. Lundeen,* 165 Minn. 300, 206 N.W. 444, 445 (1925).

The trial court had the benefit of firsthand observation of all witnesses. Conse-

quently, it is in the best position to judge the credibility of those witnesses. *See* Minn.R.Civ.P. 52.01 (1988).

Where evidence is partly oral and partly written, and the written evidence does not render the credibility of oral testimony extremely doubtful, the appellate court should defer to the trial court's assessment of evidence unless clearly erroneous. *Bloomington Electric Co. v. Freeman's Inc.,* 394 N.W.2d 605, 607 (Minn.Ct.App. 1986) *pet. for rev. denied* (Minn. Oct. 21, 1986) (citations omitted). In this matter the court's findings are reasonably supported by the evidence.

2. Reformation of Deed.

This court has stated:

The evidence supporting reformation of written instrument, including a deed, must be consistent, clear, unequivocal, and convincing.

*Kleis v. Johnson,* 354 N.W.2d 609, 611 (Minn.Ct.App.1984) (citing *Theros v. Phillips,* 256 N.W.2d 852, 857 (Minn.1977)).

The *Kleis* court further states:

In cases involving reformation of written instruments, the supreme court has expressly followed the rule that the trial court's findings of fact may not be set aside unless clearly erroneous.

*Id.* (citing *Theisen's, Inc. v. Red Owl Stores, Inc.,* 309 Minn. 60, 243 N.W.2d 145 (1976)).

▪ Under *Kleis* a deed may be reformed to reflect the reservation of an easement erroneously omitted if the party seeking reformation can show: 1) a valid agreement sufficiently expressing the real intention of the parties to the deed; 2) a written contract which fails to express that intention; and 3) mutual mistake or unilateral mistake coupled with fraud or inequitable conduct. *Kleis* at 612 (citing *Theros,* 256 N.W.2d at 858).

▪ The record supports the trial court's finding appellants have not sustained their burden of proof on *Kleis* requirements.

Olander testified she had no agreement with the Partnership. She understood the

other party to her contract for deed was McLaughlin, individually. The contract for deed speaks for itself, showing the parties to the contract were Dennis Olander, Roberta Olander and Warren McLaughlin.

Both oral testimony and documentary evidence demonstrate the Partnership never owned an interest in the McLaughlin–Olander contract for deed. Appellants failed to produce evidence the Partnership was in privity of contract with Olander or that the Partnership was otherwise charged with performance of the contract for deed.

The element of mutual mistake or unilateral mistake of fact coupled with fraud or inequitable conduct is also lacking.

The trial court properly concluded all three elements necessary for reformation of the deed were not supported by the facts. Appellants failed to demonstrate the existence of a valid agreement expressing a common intent by Olander and the Partnership contrary to the terms of the deed. The lack of privity between the Partnership and Olander rendered McLaughlin's duty to convey an easement to Olander inapplicable to the Partnership. Appellants failed to prove the existence of a written contract expressing the original intention. Finally, appellants failed to demonstrate the existence of a mutual mistake of fact or a unilateral mistake on the part of the Partnership coupled with fraud or inequitable conduct.

3. Easement by necessity.

Appellants contend without the easement across parcel "A," parcel "E" is landlocked and that therefore they are entitled to an easement by necessity.

■ There are four elements required for creation of an easement by necessity: 1) a common title at the time of the use of the easement; 2) a later separation of the properties; 3) the use which gives right to the easement must have been so long continued and so apparent as to show it was intended to be permanent; and 4) the easement or use must be necessary to the beneficial enjoyment of the land. *Olson v. Mullen*, 244 Minn. 31, 41, 68 N.W.2d 640, 647

(1955); *see also Kleis v. Johnson*, 354 N.W.2d 609 (Minn.Ct.App.1984).

■ The trial court found appellants have not openly and notoriously used an easement across parcel "A" in favor of "E." Further, there has been no long, apparent nor continued use of an easement across "A" in favor of "E" for all relevant time periods at issue.

The trial court further concluded that owners of adjacent lands over which a road easement could be prescribed were not joined in the action, and that these parties were "necessary for a fair and complete resolution of the plaintiffs' claim for an easement by necessity." We agree. The record demonstrates that at least one survey indicated an easement across parcel "F" which is located immediately east of the appellants' parcel and the owners of parcel "F" are not parties to this lawsuit.

## DECISION

The trial court's denial of appellants' motion for amended and additional findings of fact, conclusions of law and order for judgment on appellants' claim for either an easement by reformation of the warranty deed or an easement by necessity is affirmed.

AFFIRMED.