WILLIAM E. LeNEAU AND ANOTHER v.
MELVIN B. NESSETT AND ANOTHER.

194 N. W. 2d 580.

February 4, 1972—No. 42739.

---

*Leo M. McDonnell,* for appellants.

*Courtney, Gruesen & Peterson* and *Thomas W. Gruesen,* for respondents.

Heard before Murphy, Peterson, Kelly, and Hachey, JJ.

KELLY, JUSTICE.

The issue of this case when it was tried in the district court was whether an implied easement for a septic tank drain field had been created on defendants' land. The court ruled in the affirmative, and defendants appeal from the judgment and from the order denying their motion for a new trial. We affirm.

The property involved is Lots 9 to 19, Block 18, Ironton First Division, St. Louis County. Franklin Lundberg bought lots 9 to 12 in 1948 and lots 13 to 19 the next year. In 1948 he built a house on lots 10 to 12 and a septic tank was placed on lot 12 to the east of the house and near lot 13. Lundberg sold lots 9 to 12 to another party who sold them to defendants in 1953. In 1957 defendants bought lots 13 to 19 from Lundberg. From 1957 to 1966 defendants owned all the property in question. Defendants sold lots 9 to 12, which included the house, to plaintiffs in 1966. Tenants of the plaintiffs now live on the property. The only

structure on lots 13 to 19 is a garage on lot 16, and these lots are still owned by defendants.

During April 1970, the septic system serving plaintiffs' house broke down. Repairmen informed plaintiffs that the drain field was defective. This field according to the repairmen lay on lots 13 and 14, property which belongs to defendants. Defendants refused to allow plaintiffs to come onto their property to repair the drain field and this suit for declaratory and injunctive relief followed.

The trial court found that the drain field was on lots 12 to 14, that plaintiffs could not build a drain field on their own property, and that plaintiffs own an implied easement on defendants' land.

■ Defendants' first contention is that the evidence is insufficient to support a finding of fact that the drain field was on defendants' land. We must affirm on this issue unless the trial court's finding was clearly erroneous.[1] We must take the facts most favorable to the trial court's finding. No witness at the trial established as a certainty the location of the drain field. Howard Angell, a contractor whose business is septic systems, observed water flowing into the septic tank through the east wall from the direction of the defendants' land a few feet away. He testified that this back flow indicated trouble in the drain field, and for various reasons, the defendants' land was the logical place for a drain. The St. Louis County Health Department had two plans in their files submitted in 1948 by the original builder of the septic system. On one, a septic tank and drain field was located in front of the house on what is now plaintiffs' land. The second plan was submitted last and contained this legend: "These changes on field tile was [sic] agreed between owners and Health Department Officials." At the trial it was conclusively shown that the septic tank in place was located in accordance with this second plan which showed a drain field running east across defendants' lots 13 and 14. From this evidence the trial court could

---

[1] Rule 52.01, Rules of Civil Procedure.

find that the most probable site for the drain field was on the defendants' land.

Defendants also argue that insufficient evidence supports the trial court's finding that it was impossible for plaintiffs to build the drain field on their own property.[2] A county health inspector was asked if plaintiffs could receive a permit to build a drain field on their own property. He answered, "I do not think so. This would have to be a decision by my supervisors and myself, but in my opinion, it would be no." While there was other testimony that would support the court's finding, this uncontradicted testimony by the inspector is sufficient to support the finding and we cannot say that this finding by the trial court was clearly erroneous.

■ Defendants' next contention is that an implied easement was not created because the dominant and servient tracts of land were not acquired at the same time. The basis for this argument is that the original grantor, Lundberg, neither bought nor sold both parcels of land at the same time. Moreover, the use of the drain field on lots 13 and 14 may have begun when Lundberg owned only lots 9 to 12. These facts are immaterial in the case at bar. From 1957 to 1966, defendants owned both properties, and the use giving rise to the easement was in process. In Olson v. Mullen, 244 Minn. 31, 41, 68 N. W. 2d 640, 647 (1955), we stated that "[w]hether an easement may be created by implication must be determined as of the time of severance." Defendants here owned both the dominant and servient tracts of land in 1966 when they sold lots 9 to 12 to plaintiffs. Thus the easement was created at the time of severance.

---

[2] Such a finding is important since plaintiffs may not acquire an easement on defendants' land unless the easement is a necessity. Olson v. Mullen, 244 Minn. 31, 68 N. W. 2d 640 (1955). In Romanchuk v. Plotkin, 215 Minn. 156, 163, 9 N. W. 2d 421, 426 (1943), this court said, "The weight of authority supports the view that 'necessary' does not mean indispensable, but reasonably necessary or convenient to the beneficial use of the property."

Defendants next argue that the use was not sufficiently apparent to give rise to an easement. In Romanchuk v. Plotkin, 215 Minn. 156, 162, 9 N. W. 2d 421, 425 (1943), we ruled on this requirement:

"* * * 'Apparent' does not necessarily mean 'visible.' The weight of authority sustains the rule that 'apparent' means that indicia of the easement, a careful inspection of which by a person ordinarily conversant with the subject would have disclosed the use, must be plainly visible. An underground drainpipe, even though it is buried and invisible, connected with and forming the only means of draining waste from plumbing fixtures and appliances of a dwelling house, is apparent, because a plumber could see the fixtures and appliances and readily determine the location and course of the sewer drain."

The evidence discloses that the use was apparent to defendants. One of the defendants testified that she had seen both plans on file with the health department, one of which indicated a drain field on lots 13 and 14. Defendants were aware of the septic tank and its need for a drain field. Two experts indicated that a trained person can be reasonably sure of a drain field's location without having to dig below the ground. This evidence indicates compliance with the Romanchuk standard.

In Olson this court pointed out three essentials that are commonly used as aids in determining whether an implied easement has been created. All three are present in this case. When defendants sold the dominant tract of land to plaintiffs, (1) there was then a unity of ownership and a separation of title; (2) the use of the drain field was so long continued and apparent as to show that it was intended to be permanent; and (3) the easement was necessary to the beneficial enjoyment of the land granted.

Defendants' final contention is that a new trial should be granted because of newly discovered evidence. Defendants submitted an affidavit by Lundberg stating that he built the drain field on lots 9 to 12 and not on what is now defendants'

property. Nowhere in that affidavit is it stated why Lundberg did not come forward at the trial. Defendants' own affidavit states that defendants were unable to locate Lundberg but gives no information concerning what steps to locate Lundberg were taken and why they were ineffectual. In Vasatka v. Matsch, 216 Minn. 530, 534, 13 N. W. 2d 483, 486 (1944), we stated:

"* * * The law is well settled that before a new trial can be granted on the ground of newly discovered evidence the party seeking the same must show affirmatively by his affidavits on the motion not only that such evidence was not discovered until after trial, but also that it could not have been discovered before trial by the exercise of reasonable diligence. * * * In this connection, he must state with particularity what he did to discover such evidence before trial so the court may determine whether he has exercised the required diligence."

It is apparent that defendants did not meet this requirement in the Lundberg affidavit.

A second affidavit by one of the defendants in support of the motion for a new trial in part contained hearsay. A new trial cannot be granted solely on the basis of hearsay.[3] The rest of the affidavit was inconclusive and at best cumulative. In Caballero v. Litchfield Wood-Working Co. Inc. 246 Minn. 124, 131, 74 N. W. 2d 404, 409 (1956), this court stated:

"A motion for a new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial court, which must be exercised cautiously and sparingly, and its decision will not be disturbed on appeal except for a clear abuse of discretion. Moreover, if the same diligence which led to the discovery of the new evidence after trial would have led to discovery had such diligence been exercised before trial, a new trial need not be granted. Furthermore, when newly discovered evidence is *cumulative,* the granting of a new trial is within the discretion of the trial court."

---

[3] State v. E. A. H. 246 Minn. 299, 75 N. W. 2d 195 (1956).

We find no abuse of discretion. The order and judgment appealed from are affirmed.

Affirmed.

MR. JUSTICE TODD, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.