Scott R. CLARK, et al., Appellants,

v.

GALAXY APARTMENTS, et al., Respondents.

No. C5-88-318.

Court of Appeals of Minnesota.

Aug. 16, 1988.

Richard S. Stempel, Hanson, Noel & Lulic, Minneapolis, for appellants.

Edward C. Tischleder, Tischleder, Tatone & Wittenkeller, Ltd., Bloomington, for respondents.

* Acting as judges of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

Heard, considered and decided by RANDALL, P.J., and MULALLY and LESLIE, JJ.*

## OPINION

DAVID R. LESLIE, Judge.

Appellant Scott Clark commenced this suit for reformation of a deed between Robert and Diane Nelson (grantors) and Terence Schroeder (grantee). The deed divided Nelson's original parcel of land into two parcels—the Clark parcel and the Galaxy parcel. Clark claims that an easement on the Galaxy parcel was implied in that deed, but the trial court, finding no genuine issues of material fact, granted summary judgment to respondent Galaxy Apartments. Clark moved for reconsideration and submitted supplemental affidavits in support of his motion. The trial court denied the motion, and Clark appeals. We affirm.

## FACTS

On December 2, 1969, Robert and Diane Nelson acquired title to a parcel of real estate in Bloomington, Minnesota. The Nelson property was subsequently divided into two parcels, a westerly portion, 5273 West Old Shakopee Road (Clark parcel), and an easterly portion, 5265 West Old Shakopee Road (Galaxy parcel). On May 26, 1978, the Nelsons conveyed the Clark parcel to Terence Schroeder. The deed did not convey any driveway or easement rights across the Galaxy parcel still held by the Nelsons. On May 26, 1978, the Nelsons executed an affidavit stating, in part:

> [T]here are no unrecorded contracts, leases, easements or other agreements or interests, relating to said premises, of which your affiants have knowledge, except as stated herein.

On August 28, 1980, Robert Nelson executed another affidavit, which stated, "there are no unrecorded contracts, leases,

easements or other agreements or interests."

Neither affidavit refers to a driveway easement or any similar agreement. However, a single gravel driveway did in fact serve the Clark parcel since it was severed from the Galaxy parcel ten years ago. Nelson claimed that the driveway has been in use for 50 years. The driveway runs from Old Shakopee Road onto the Galaxy parcel and curves onto the adjacent Clark parcel. The only home on either of these two parcels is a single-family home located on the Clark parcel. The Galaxy parcel is an unimproved lot with an old outbuilding on it.

On September 1, 1980, Schroeder conveyed his interest in the Clark parcel to Scott and Tracy Clark. On May 28, 1986, Leo Hoffman entered into a purchase agreement with the Nelsons to purchase the Galaxy Parcel. Hoffman observed the gravel driveway and obtained a survey. Because it had been less than 15 years since someone other than the Nelsons had acquired the Clark parcel, Hoffman claimed Clark did not have an easement by adverse possession.

On October 1, 1986, the Nelsons *again* executed separate affidavits, which stated:

> [T]here are no unrecorded contracts, leases, easements or other agreements or interests, relating to said premises, of which your affiant has knowledge * * *. [T]he matters herein stated are true and makes this affidavit for the purpose of inducing the passing of the title to the premises referred to in said documents, free and clear of all * * * unrecorded interests.

In early April 1987 Hoffman observed that the Clarks had listed the Clark parcel for sale with Edina Realty. To avoid potential future misunderstandings with a new owner, Hoffman's attorney sent a letter to the Clarks and their realtor asking for removal of any claimed easement:

> To the best of my knowledge there is no easement, recorded or unrecorded, which gives the owner of 5273 the right to drive over and across the property located on 5265. * * * [N]o rights have been ac-

quired under either the doctrine of adverse possession or prescription.

No curb cut (street entrance) had been installed into Old Shakopee Road, though a permit could have been requested at any time. On May 12, 1987, Clark applied to Hennepin County for a curb cut permit, which was issued two days later.

Hoffman, in his affidavit, states that Galaxy Apartments intends to develop the Galaxy property for multiple-family use. Lyle Berg, traffic engineer for the City of Bloomington, claims in his affidavit that a private driveway easement would interfere with and possibly restrict the future development of the properties owned by both Clark and Hoffman and has the potential to interfere with public safety and welfare.

Terence Schroeder and Robert Nelson submitted affidavits asserting their belief that an easement was implied and intended at the time their deed severed the two parcels. In an affidavit dated July 23, 1987, Nelson claimed for the *first* time:

> At the time your Affiant conveyed the above mentioned property to Mr. Schroeder, it was your Affiant's intention that Mr. Schroeder have the beneficial use and enjoyment of the gravel driveway servicing the property.

Based on these two affidavits, Clark moved for summary judgment, as did Galaxy Apartments. The trial court granted summary judgment for Galaxy Apartments.

### ISSUE

Did the trial court properly grant summary judgment for respondents?

### ANALYSIS

■ On appeal of a summary judgment, the trial court will be upheld when there are no genuine issues of material fact and the court correctly applied the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979).

■ Clark claims there is an easement by implication. The three factors essential

to establishing an easement by implication are

(1) a separation of title;

(2) the use which gives rise to the easement shall have been so long continued and apparent as to show that it was intended to be permanent; and

(3) that the easement is necessary to the beneficial enjoyment of the land granted.

*Romanchuk v. Plotkin*, 215 Minn. 156, 160–61, 9 N.W.2d 421, 424 (1943). Except for the necessity requirement, these factors are only aids in determining whether an implied easement existed. *See Olson v. Mullen*, 244 Minn. 31, 40, 68 N.W.2d 640, 647 (1955). An implied easement must be determined at the time of severance, and a subsequent change of conditions will not defeat or create an implied easement. *Id.* at 41, 68 N.W.2d at 647. Therefore, the element of necessity must have been present at the time of severance of the parcels. *Id.*

▮ It is undisputed that the two parcels were once owned by one party, the Nelsons, from December 1968 to May 1978. The Nelsons then sold the Clark parcel to Terence Schroeder. Although Nelson claimed that the easement was in existence for 50 years, his ownership dates only from 1968. Other than his bare assertion, no other affidavits were submitted to support his claim. The driveway has been in use since the severance of the two parcels in 1978, and before that it served the single parcel. In any event, this question of fact, length of use, is not essential to the creation of the easement and therefore not material for purposes of the summary judgment motion.

▮ The element of necessity must have been present in 1978 when the Nelsons conveyed the Clark parcel to Schroeder. *See Olson*, 244 Minn. at 41, 68 N.W. 2d at 647. The easement need not have been indispensable to be necessary; rather, a reasonable necessity at the time of severance is sufficient. *Id.* The party asserting the easement has the burden of proving necessity. *Id.*

Clark relies on *Kleis v. Johnson*, 354 N.W.2d 609 (Minn.Ct.App.1984). Kleis was the original owner of a parcel of land with only one driveway, used for over 50 years. He then deeded a parcel to his son, but failed to reserve an easement on it, and the only driveway was located on the severed property. Two years later the son sold his parcel to Johnson, again without retaining an easement. Kleis continued using the driveway, although two years later a new street was built ⅒ of a mile from the Kleis house. Six years after purchase, Johnson attempted to prohibit Kleis' use of the driveway. We held that necessity must be determined at the time of severance; therefore, the implied easement was not analyzed in light of the new street. We found there had been a mutual mistake which required reformation of the contract between Johnson and his son. *Id.* at 612.

The parties to this original deed were the Nelsons and Schroeder. Both submitted affidavits claiming that an easement was implied at the time their deed was executed. However, Nelson signed three previous affidavits in 1978, 1980 and 1986 which expressly stated that there were no unrecorded easements. No such contradictory affidavits existed in *Kleis*. Moreover, these alleged "boiler plate provisions" were statements given to induce the sale of the property.

In *Rosendahl v. Nelson*, 408 N.W.2d 609 (Minn.Ct.App.1987), an implied easement was granted for a driveway due to physical obstructions, a steep slope and a tree on the plaintiff's property. It is noteworthy that no obstructions were shown to exist here.

In *Romachuk* an implied easement was granted for sewer drainage across defendant's adjacent property, though the easement was not mentioned in the deed. The court held there could be no serious dispute that the use of the drain pipe was reasonably necessary for the convenient and comfortable enjoyment of the property. *Id.*, 215 Minn. at 164, 9 N.W.2d at 426.

In *LeNeau v. Nessett*, 292 Minn. 242, 194 N.W.2d 580 (1972), plaintiff and defendant owned adjacent properties; a drainfield was located on defendant's property. De-

fendant refused to allow plaintiff onto his land to repair the drainfield. Plaintiff was denied a permit to build a drainfield on his own property; therefore, he was granted an easement of necessity. *Id.* at 245, 194 N.W.2d at 583.

It is clear from these cases that more than mere convenience is required to establish necessity. Clark offered no evidence of any geographical constraints, such as steep slopes or large trees, which would make construction of a driveway either difficult or expensive, and he has received a permit to construct a driveway with a curb cut onto Old Shakopee Road.

Failing to establish the element of necessity, Clark is not entitled to an easement over the Galaxy property. Summary judgment was properly granted.

Affirmed.