529 N.W.2d 410 (1995)
Erv T. NIEHAUS, Appellant,
v.
The CITY OF LITCHFIELD, defendant and counter-claimant, Respondent,
v.
Erv T. NIEHAUS, Counter-Defendant, Appellant.
No. C5-94-2188.
Court of Appeals of Minnesota.
March 28, 1995.
*411 Ronald R. Frauenshuh, Sr., Frauenshuh & Spooner, Paynesville, for appellant.
David G. Berry, Olson, Nelson, Drange & Wood, Litchfield, for respondent.
Considered and decided by NORTON, P.J., and PARKER and FOLEY,[*] JJ.

OPINION
PARKER, Judge.
A purchaser of land appeals the trial court's decision that the City of Litchfield obtained an easement by necessity over his property. The city had accidentally placed utility lines outside an express easement originally platted for the lines. We reverse, and dissolve the trial court's order that the landowner remove fence posts from the misplaced utility corridor.

FACTS
Laura and Paul Clouse owned property in 1978 which they severed into several lots for development, and retained a 51-acre tract. The Clouses asked the city to provide utility service to the new lots, and the plat shows a five-foot-wide easement along the back of the new lots for this purpose. The city testified that its standard operating procedure calls for a ten-foot-wide utility corridor, with five feet of the corridor falling on either side of the property dividing line. Since the Clouses have never developed the remaining 51 acres, they have never granted a corresponding five-foot easement on the retained side of the property line.
In 1992, appellant Erv Niehaus purchased the 51-acre piece of land at a bank auction of foreclosure properties. Subsequently, Niehaus procured a survey which revealed that the city's utility lines lie on the 51-acre property outside the five-foot easement and even beyond a hypothetical ten-foot corridor straddling the property line. The lines and accompanying structures intrude as much as 15 feet into his property. Niehaus sought removal of the lines to within the boundaries of the express easement indicated on the plat.
The district court found that removal of the utility lines would be "expensive and very inconvenient" and that the nature of the utility structures indicated that they were intended *412 to be permanent. Based on these findings of fact, the district court concluded that an easement by necessity burdened Niehaus's land in favor of the city. The court further ordered Niehaus to remove all impediments from the purported easement, including fence posts he had placed along the boundary of his property. Without moving for a new trial in the district court, Niehaus filed this appeal.

DISCUSSION
In an instance such as this, where the material facts are undisputed, we need not defer to the district court's application of the law. Hubred v. Control Data Corp., 442 N.W.2d 308, 310 (Minn.1989). An easement by necessity falls within the general category of implied easements, which arise only in specific fact situations. See Olson v. Mullen, 244 Minn. 31, 39-41, 68 N.W.2d 640, 646-47 (1955). Precedent identifies the essential elements of an implied easement:
(1) a separation of title;
(2) the use which gives rise to the easement shall have been so long continued and apparent as to show that it was intended to be permanent; and
(3) that the easement is necessary to the beneficial enjoyment of the land granted.
Clark v. Galaxy Apartments, 427 N.W.2d 723, 725-26 (Minn.1988); Nunnelee v. Schuna, 431 N.W.2d 144, 148 (Minn.App.1988), pet. for rev. denied (Minn. Dec. 30, 1988). In addition, "an implied easement must be determined at the time of severance, and a subsequent change of conditions will not defeat or create an implied easement." Clark, 427 N.W.2d at 726 (emphasis added). The party attempting to establish the easement bears the burden of proving necessity existed at the time of severance. Id.
The district court's findings of fact fail to support the legal conclusion that an easement by necessity burdens Niehaus's property. The Clouses owned the entire property in 1978, and a separation of title occurred when the Clouses sold the subdivided lots. This satisfies the first element. See id. However, the district court failed to assess the remaining elements of an implied easement at the time of the severance, as opposed to the time of trial. See id. Had the district court employed the appropriate temporal context, we believe the court would necessarily have reached the opposite legal conclusion.
There is no evidence that the use of Niehaus's property was "long continued and apparent" at the time of severance. See, e.g., LeNeau v. Nessett, 292 Minn. 242, 244-45, 194 N.W.2d 580, 582-83 (1972) (easement arose where septic system built in 1948 intruded under lot severed in 1966). On the contrary, the city mislaid the lines as the Clouses were in the process of subdividing the property and preparing to sell lots. One cannot construe an activity as "long continued" in relation to another activity begun concurrently. The vague finding that the structures apparently "were intended to be permanent" offers no help. See Clark, 427 N.W.2d at 726. Meanwhile, the trial court did not address whether the mistake was "apparent"; nor can we, given this record. We hold that the findings cannot satisfy the second factor.
Finally, the party attempting to establish the easement (respondent city) did not show necessity at the time of severance. See id. at 726; Olson, 244 Minn. at 40-41, 68 N.W.2d at 647. The record reveals some discussion of the current cost of moving the utility lines, and the findings of fact reflect that removal now would be "expensive and very inconvenient." However, this information carries no weight in determining the necessity of an implied easement. Clark, 427 N.W.2d at 726. Absent any discussion of necessity at the time of severance, we must hold that the findings do not satisfy the third element either.

DECISION
Because the district court improperly evaluated the conditions precedent to an implied easement and, consequently, the court's findings do not support imposition of an easement by necessity, we hold that the district court erred as a matter of law. Because no such easement burdens appellant's land, the district court's injunction and the order regarding *413 removal of fence posts from the vicinity of the misplaced utility lines is ordered dissolved.
Reversed.
NOTES
[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.