*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0318**

Eric N. Nerland,
Respondent,

vs.

Kristy Lee Marie Barsch,
Appellant.

**Filed December 27, 2016
Affirmed in part, reversed in part, and remanded
Rodenberg, Judge**

Lake of the Woods County District Court
File No. 39-CV-14-161

Eric Nerland, Minneapolis, Minnesota (pro se respondent)

Dennis H. Ingold, Alan B. Fish, P.A., Roseau, Minnesota (for appellant)

Considered and decided by Halbrooks, Presiding Judge; Rodenberg, Judge; and Hooten, Judge.

**U N P U B L I S H E D   O P I N I O N**

**RODENBERG**, Judge

Appellant Kristy Lee Marie Barsch challenges the district court's order concluding that respondent Eric N. Nerland is entitled to use an easement over her land for lake-access purposes. The district court, after a court trial, held that respondent has an express

easement over appellant's lot and, alternatively, has an implied easement by necessity. We affirm in part, reverse in part, and remand to the district court for further findings of fact.

## FACTS

The land that is now platted as Lake of the Woods Estates was originally owned by Kenneth and Ethel Stoeckmann. In 1975, Kenneth and Ethel Stoeckmann conveyed the platted land to Stoeckmann Land Co., a corporation, the shares of which they owned. Appellant owns lot 5, block 1; Respondent owns lot 5, block 4.

In 1993, Stoeckmann Land Co. conveyed to Roger Kovar the lot that is currently owned by appellant, reserving an easement across the land for Stoeckmann Land Co., its successors, assigns, and permittees. Kovar then conveyed the land to the Hovdes, who in turn conveyed it to the Noaeills, who conveyed it to appellant in 2010.

Respondent's 2012 deed was from William and Cherylin Stoeckmann. The record reveals no transfer of lot 5, block 4 from Stoeckmann Land Co. to any other party.

Respondent sued appellant in 2014, seeking a declaration that, as owner of lot 5, block 4, he has an easement over appellant's lot 5, block 1 for lake-access purposes, and for injunctive relief prohibiting appellant's interference with his enjoyment of that easement. The case was tried to the district court.

At trial, testimony revealed that some area residents have used appellant's land for lake access. Appellant acted to block access to the lake in 2013, after seeing people crossing her property to access the lake. Because the people crossing her land were disruptive to her enjoyment of her property, she placed a chain across the area being used

2

as a lake access and posted a sign. She also lined the lake shore with rocks, which both protected her property from flooding and made access to the lake more difficult.

In addition to disputing the existence of any easement over her lot in favor of lot 5, block 4, appellant introduced into evidence two documents she claims restrict any easement over her land. The first document is the Lake of the Woods County Zoning Ordinance from October 3, 2011. The second is a declaration of restrictions signed by Kenneth and Ethel Stoeckmann on July 3, 1974.

The district court declared that respondent has an easement appurtenant across appellant's property that arose from an express grant and, alternatively, that respondent has an implied easement by necessity across appellant's lot.

This appeal followed.

## D E C I S I O N

### I.    Standard of review

We review appeals from civil judgments to determine "whether the evidence sustains the findings and whether the findings support the conclusions," and will only reverse a district court's findings if they are clearly erroneous. *Magnuson v. Cossette*, 707 N.W.2d 738, 743-44 (Minn. App. 2006) (quotation omitted). The legal effect of an unambiguous written document is a question of law that we review de novo. *Apitz v. Hopkins*, 863 N.W.2d 437, 439 (Minn. App. 2015)

### II.    Express easement

The district court determined that an easement in favor of respondent was created when Kenneth and Ethel Stoeckmann platted Lake of the Woods Estates in 1972, then

3

again in 1983 when they conveyed an easement over lot 5, block 1 to a third party, and finally in 1993 by a deed from Stoeckmann Land Co. to appellant's predecessor-in-interest. Appellant argues that these findings are not supported by the record. On appeal, respondent concedes that no express easement benefiting his lot was created in either 1972 or 1983, but maintains that the 1993 deed created an express easement benefitting his lot.

An easement can be created by express grant. *Braaten v. Jarvi*, 347 N.W.2d 279, 282 (Minn. App. 1984), *review denied* (Minn. July 27, 1984), *overruled on other grounds by Haugen v. Peterson*, 400 N.W.2d 723, 726 (Minn. 1987). To create an easement, the land subject to the easement must be identified and an intention to create an easement must be expressed. *Miller v. Snedeker*, 257 Minn. 204, 215, 101 N.W.2d 213, 222 (1960); *Braaten*, 347 N.W.2d at 282. The owner of a dominant estate must show the manner and circumstances of the easement's creation, but is not required to "trace its course through successive possessions from the original possessor in whose favor it was created to himself." Restatement (First) of Property § 487 cmt. a (1944). "An easement appurtenant to another lot, when created by conveyance, attaches to the possession of that other lot and 'follows it into whosesoever hands it may come.'" *Alvin v. Johnson*, 241 Minn. 257, 261, 63 N.W.2d 22, 25 (1954) (quoting Restatement (First) of Property § 487 cmt. a) (other quotation omitted). "[W]hether an easement is appurtenant or in gross is determined not by contiguity but by whether the easement was intended to benefit the grantee's land." *Block v. Sexton*, 577 N.W.2d 521, 525 (Minn. App. 1998). "[A]n easement in gross will never be presumed when it can be fairly construed to be appurtenant to some other estate." *Bruns v. Willems*, 142 Minn. 473, 478, 172 N.W. 772, 774 (1919).

The district court found, and the parties do not dispute, that: (1) appellant took title to lot 5, block 1 subject to an easement, and (2) respondent is the record owner of lot 5, block 4. Deeds in the record support these findings. However, these two findings alone are insufficient to show that the easement reserved by Stoeckmann Land Co. in its 1993 deed to Kovar benefits the owner of respondent's lot. The deed between Stoeckmann Land Co. and Kovar did create an easement appurtenant to benefit Stoeckmann Land Co., and "its successors, assigns, and permittees." But there is no evidence of record that shows Stoeckmann Land Co. owned lot 5, block 4 when the easement was created, so it is unclear whether the deed created an easement appurtenant that benefitted respondent's land. Respondent, as owner of lot 5, block 4, must demonstrate that Stoeckmann Land Co. owned it when it purported to create the easement in favor of itself and its successors, or otherwise show that he is a permittee of Stoeckmann Land Co.

We affirm the conclusion that the Kovar deed created an easement over appellant's land in favor of Stoeckmann Land Co., but reverse the district court's finding that respondent is owner of a dominant estate, because the record is insufficient to support that finding. We remand to the district court for further factual findings concerning whether respondent is the beneficiary of an express easement. Resolution of this issue depends on these unresolved factual issues: (1) what land, if any, did Stoeckmann Land Co. own at the time it deeded lot 5, block 1 to Kovar; and (2) whether respondent is a successor, assign, or permittee of Stoeckmann Land Co. and therefore entitled to the use and enjoyment of the easement across appellant's lot.

**III.    Implied easement**

The district court held, in the alternative, that respondent's easement over appellant's land was reserved "by implication . . . in 1983." In the interest of judicial economy, we address that issue for the district court on remand.

Appellant raises two arguments regarding the district court's determination that, even if respondent does not have an express easement, he has an implied easement by necessity over appellant's land. First, appellant argues that respondent did not raise this issue in his pleadings and did not formally amend his pleadings during trial, so the district court could not grant relief on that basis. Second, appellant argues that the record fails to prove an implied easement by necessity.

**A.  Sufficiency of respondent's pleadings**

We first address appellant's argument that respondent did not raise the issue of an implied easement in his pleadings, and did not amend his pleadings at trial to include an implied-easement-by-necessity claim, and that the district court therefore erred in granting relief on the issue of an implied easement.

We review a district court's decision to permit or deny amendments to pleadings for clear abuse of discretion. *Lake Superior Ctr. Auth. v. Hammel, Green & Abrahamson, Inc.*, 715 N.W.2d 458, 474 (Minn. App. 2006), *review denied* (Minn. Aug. 23, 2006). However, a district court's finding that a party consented to the new arguments at trial is reviewed for clear error. *See Hopper v. Rech*, 375 N.W.2d 538, 543 (Minn. App. 1985) (reviewing consent finding for clear error), *review denied* (Minn. Dec. 30, 1985).

A party must have notice of the claims against her, and a district court must "base relief on issues either raised by the pleadings or litigated by consent. *Folk v. Home Mut. Ins. Co.*, 336 N.W.2d 265, 267 (Minn. 1983). Pleading of "broad, general statements" that do not support every element of a cause of action are sufficient. *Goeb v. Tharaldson*, 615 N.W.2d 800, 818 (Minn. 2000) (using a "liberal" reading of pleadings when deciding if they give an adverse party fair notice of the theory on which a claimant seeks relief). Parties are allowed to amend pleadings freely "when justice so requires." Minn. R. Civ. P. 15.01; *Rios v. Jennie-O Turkey Store, Inc.*, 793 N.W.2d 309, 317 (Minn. App. 2011), *review denied* (Minn. Mar. 29, 2011). Even if issues are not raised by the pleadings, issues tried by express or implied consent "shall be treated in all respects as if they had been raised in the pleadings." Minn. R. Civ. P. 15.02. However, if a party fails to amend his pleadings, and the unpleaded issue is not voluntarily litigated, courts cannot grant relief on the unpleaded issue. *Rios*, 793 N.W.2d at 317 (citing *Roberge v. Cambridge Co-op. Creamery Co.*, 243 Minn. 230, 234, 67 N.W.2d 400, 403 (1954)).

On appeal, respondent does not specifically identify which part of his initial complaint is claimed to have raised the issue of easement by implication.[1]  However, his complaint does allege that "Defendant has personal knowledge of prior use of easement."

Appellant repeatedly objected to the sufficiency of respondent's pleadings before the district court.  At trial, appellant objected when respondent introduced evidence that an easement existed by prescription, but the district court overruled this objection.  In so

---

[1] His briefing on appeal consists only of references back to his pleadings and arguments in the district court.

7

doing, the district court implicitly construed the pleadings to include prescriptive-easement claims. In her posttrail brief to the district court, appellant raised this objection again, arguing the district court should not grant relief on this issue. Appellant went on to address the substance of respondent's implied-easement argument. The district court considered respondent's implied-easement claims on the merits after affording appellant an opportunity to be heard.

Because we review a district court's grant of leave to amend pleadings for clear abuse of discretion, and because pleadings are construed liberally in favor of the pleading party, appellant has a heavy burden to show that the district court erred. On this record, we conclude that respondent's pleadings were sufficient for the trial court to have addressed respondent's implied-easement-by-necessity arguments.

**B. Factual findings regarding the implied easement by necessity**

The district court's memorandum of law, appended to its order, recites as an alternative basis for an easement over appellant's lot that respondent "persuaded the court that his easement arises . . . [out of] an implied easement by necessity." But the district court does not explain what evidence persuaded it. The district court stated only that "[t]he alternatives proposed by [appellant] are not dissimilar to those addressed above in *Rosendahl*." *See Rosendahl v. Nelson*, 408 N.W.2d 609, 611 (Minn. App. 1987), *review denied* (Minn. Sept. 18, 1987) (considering elements of easement by implication).

An implied easement by necessity has three elements: (1) separation of title; (2) the use that gives rise to the easement is so long and continued that it shows it was intended to be permanent; and (3) the easement is necessary to the beneficial use of the land. *Niehaus*

8

*v. City of Litchfield*, 529 N.W.2d 410, 412 (Minn. App. 1995). "[A]n implied easement must be determined *at the time of severance*, and a subsequent change of conditions will not defeat or create an implied easement." *Id.* (quotation omitted). The party asserting an easement by necessity has the burden of proving that necessity existed at the time of severance. *Id.* "Except for the necessity requirement, these factors are only aids in determining whether an implied easement existed." *Clark v. Galaxy Apartments*, 427 N.W.2d 723, 726 (Minn. App. 1988).

The record does not identify when the separation of title occurred. Lake of the Woods Estates was platted in 1972. Three years later, the platted land was conveyed by Kenneth and Ethel Stoeckmann to Stoeckmann Land Co., which deeded appellant's lot to Kovar in 1993. Respondent's deed is from William and Cherylin Stoeckmann, but how and when they came to own the lot is not revealed by the record. Neither does the record disclose what, if any, land Stoeckmann Land Co. owned in 1993. Nor do the district court's factual findings explain why an easement was necessary to the beneficial use of respondent's land at the time it was severed. The district court made no findings of fact concerning those issues.

The district court analogized this case to our decision in *Rosendahl*, but it is unclear to us how this analogy supports the district court's decision. The district court's memorandum of law provides no explanation. In *Rosendahl*, we held that an easement was necessary in a situation where steep slopes, the presence of a tree, and the presence of steps to a kitchen made it prohibitively expensive for the Rosendahls to build a driveway to their property without using an easement across their neighbor's property. *Rosendahl*, 408

9

N.W.2d at 611-12. Similar facts are absent here. Respondent admitted at trial that he could access the lake by using a public access point one or two miles away. Absent a further explanation and findings of fact sufficient to justify the district court's conclusion of an easement by necessity, we are unable to effectively review its implied-easement-by-necessity determination on appeal. *Gams v. Houghton*, 884 N.W.2d 611, 621 (Minn. 2016) (concluding that a district court's conclusory statements require remand when effective appellate review is not possible). We therefore remand to the district court for further factual findings on the implied-easement-by-necessity issue.

## IV. Validity of easement

Appellant makes two additional arguments concerning the invalidity of any easement, express or implied, pointing to a 1974 declaration of restrictions for Lake of the Woods Estates and the 2011 Lake of the Woods County Zoning Ordinance. We address each in turn.

### A. 1974 declaration of restrictions

In 1974, Kenneth and Ethel Stoeckmann created a restrictive covenant over all the Lake of the Woods Estate properties. Among other things, the document states that:

> Nothing but a single private dwelling or residence designed for the occupancy of one family shall be erected on any lot in this subdivision or shall said premises be used for any purpose other than residential purposes except as hereinbefore specified[.]

Appellant argues that this restrictive covenant was intended to prohibit "recreational" use of the land, and to keep the subdivision "desirable" by preventing easements like the one at issue. The district court, without express findings, rejected

appellant's argument and declared that respondent has "easement rights over [appellant's] lot."

We review appeals from civil judgments to determine "whether the evidence sustains the findings and whether the findings support the conclusions," and we only reverse a district court's findings if they are clearly erroneous. *Magnuson*, 707 N.W.2d at 743-44 (quotation omitted). However, the legal effect of an unambiguous written document is a question of law and is subject to de novo review. *Apitz*, 863 N.W.2d at 439.

Here, the restrictive covenant plainly states that only single-family residences can be built on Lake of the Woods Estates properties. It says nothing concerning lake-access easements. The prohibition of all but private residences appears in the context of the other restrictions on use of the land for manufacturing, commercial enterprises, or farming. Nothing in the covenant restricts easements for lake-access purposes which, if anything, seem generally consistent with the enjoyment of a single-family residential area. The district court correctly declined to adopt appellant's reading of the restrictive covenant.

**B. 2011 Lake of the Woods County Zoning Ordinance**

Appellant also argues that the 2011 Lake of the Woods County Zoning Ordinance restricts the easement. Section 106 of the ordinance states that it is not intended to "repeal, abrogate, or impair any existing easements." Lake of the Woods County, Minn., Zoning Ordinance § 106 (Oct. 3, 2011). The easement over appellant's property was created in 1993. The 2011 ordinance does not affect the easement at issue.

**Affirmed in part, reversed in part, and remanded.**

11